No. 35,706

GARDEN CITY PRODUCTION CREDIT ASSOCIATION, *Appellee,* v. LOUIS MARCOTTE, and MARY MARCOTTE, His Wife, *Appellants.*

(131 P. 2d 702)

Opinion filed December 12, 1942.

*E. E. Sattgast,* of Garden City, *James Malone* and *Clarence Malone,* both of Topeka, were on the briefs for the appellants.

*Wm. Easton Hutchison, C. E. Vance* and *A. M. Fleming,* all of Garden City, were on the briefs for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This was an action for the balance due on certain promissory notes and to foreclose a chattel mortgage given to secure their payment. The trial court directed a verdict for plaintiff. Defendants have appealed.

In their answer defendants admitted executing the notes and mortgage, but denied liability and alleged payment in full. They specifically alleged that on April 21, 1941, they delivered to plaintiff a check drawn by one Harris on the First National Bank of Scott City for $473.40, and on the next day a similar check for $562.40, which checks, together with payments previously made, fully paid the indebtedness except fourteen cents, which was then paid in cash, and that at the time the checks were delivered plaintiff accepted them in payment of the notes.

Plaintiff in its reply admitted defendants had delivered the two checks, but denied they were accepted in payment, and alleged that at the time each of them was received plaintiff issued and delivered to defendants a receipt therefor in writing, which in part reads:

"Remittances other than cash are accepted for collection only, if for any reason collection is not effected on the item tendered, it does not constitute a payment on this indebtedness and all receipts issued therefor are void."

The court held the burden of proof was upon defendants. The parties stipulated as to the amount due if the checks above mentioned had not been received by plaintiff in payment.

The defendant Louis Marcotte testified that the Sudan seed covered by the mortgage was sold to V. M. Harris; that when he contracted to sell it Harris gave him a check for $100 advance payment; that he turned this check to the plaintiff and received from its assistant secretary a receipt stating that the check was "accepted as a repayment on the Louis Marcotte loan." At this point plaintiff admitted that

". . . this $100 check was accepted as payment. The check was paid and he was given credit for it. We will admit there was another payment of $376.20. We will admit there was another one for $322.04; all were paid."

With respect to the two checks in question the witness testified that he turned those over to plaintiff, which, together with fourteen cents, paid his note in full.

"Q. Was anything said at that time about giving you your note and mortgage? A. It was kinda late in the afternoon and Miss Franklin (plaintiff's

assistant secretary) says, 'We will have your papers released sometime next week; just as soon as we can get to it, we will release your mortgage.' "

The court inquired if anything was said with regard to plaintiff's accepting them as payments.

"A. I can't say. I don't remember that they said anything, because I know it is their kind of rules and regulations when they got a mortgage on anything they demand the check, and I turned my checks over to them to pay my debts."

He admitted that at the time he turned these two checks over there was given to him a receipt for each of the checks which contained the statement previously quoted herein. He further testified that Harris stopped payment on these two checks, and the witness was notified by plaintiff's attorneys that payment on them had been stopped. Since then he had paid plaintiff nothing on his indebtedness.

In this court appellants cite authorities to the effect that the check of a third party may be received in full payment where there is an express agreement to that effect, citing 40 Am. Jur. 769; 48 C. J. 619, and cases there cited. The general rule, however, is that such a check is not received in payment in absence of a specific agreement that it will be so received. (48 C. J. 617; *Kermeyer v. Newby,* 14 Kan. 164; *Baker-Evans Grain Co. v. Ricord,* 126 Kan. 107, 267 Pac. 14.) Here it is clear that there was no such agreement, but that the checks were received for collection only and were not to constitute payment unless collected. Appellants contend there was a jury question here. We think not.

We find no error in the record. The judgment of the court below is affirmed.