No. 36,835

JULIA A. GRANT, *Appellee*, v. LLOYD M. REED, alias FLOYD RUSSELL, and CLARENCE E. JONES, *Appellants*.

(193 P. 2d 214)

Opinion filed May 8, 1948.

*Carl I. Winsor*, of Wichita, argued the cause, and *Harlin E. Bond* and *Rupert Teall*, both of Wichita, were with him on the briefs for the appellants.

*P. K. Smith*, of Wichita, argued the cause, and *Ralph E. Gilchrist* and *Leroy Warner*, both of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This is an appeal by the defendant from an order overruling his motion to discharge the defendant garnishee and by

an interpleader from the order overruling his motion to release property attached by garnishment process.

The plaintiff recovered a judgment on a promissory note against the principal defendant, Lloyd M. Reed, in the city court of Wichita in the sum of $685 together with interest at six percent and costs. On the same date the action was filed plaintiff procured service of garnishment summons on J. C. Edwards. The garnishee answered and admitted: He was indebted to the defendant in the sum of $4,512.88, which indebtedness he said was represented by two checks he previously had issued and delivered to the defendant; that the checks were dishonored by the bank because of "insufficient funds"; a criminal action entitled *State v. Edwards* was pending in the city court as a result of the issuance and delivery of those checks.

The interpleader, Clarence E. Jones, and the defendant, Lloyd M. Reed, were represented by the same counsel. The interpleader claimed the checks had been assigned to him by the defendant Reed prior to the service of the garnishment summons. The city court discharged the garnishee and the plaintiff appealed.

In the district court the interpleader, in substance, testified: The two checks involved were marked "insufficient funds" by the bank before they were assigned to him by the defendant. Counsel for the interpleader advised the district court the checks were not endorsed by the defendant but that defendant orally assigned the proceeds of the two checks to the interpleader.

The garnishee, Edwards, did not testify. I. H. Stearns, called as a witness on behalf of the interpleader, in substance, testified: He was the attorney for the garnishee and had been at all times during these transactions; at the time of the service of the garnishment summons the garnishee was indebted to the defendant for lumber he had purchased and that he continued to be indebted to the defendant for such lumber in the sum of $2,800; the checks were given for the purchase price of the lumber but the garnishee was not indebted to the defendant in the total amount of the checks because the amount of the checks was in excess of the ceiling price; the garnishee did owe the defendant $2,800; the garnishee was willing to pay that money into court.

The defendant did not testify. Upon this record the district court found that at the time of garnishment C. E. Edwards was indebted to the defendant in excess of $716.37 and directed him to pay into

the office of the clerk of the district court the sum of $695.27 in satisfaction of plaintiff's judgment rendered in the action and the sum of $21.10 as costs. The defendant and the interpleader have appealed.

Appellants contend the indebtedness of Edwards was not garnishable at the time the summons in garnishment was served on him. They rely on a portion of G. S. 1935, 60-955 which reads:

"No judgment shall be rendered upon a liability of the garnishee arising either:

"*First.* By reason of his having drawn, accepted, made, endorsed or guaranteed any negotiable bill, draft, note, or other security."

and on G. S. 1935, 52-418 which provides:

"An instrument negotiable in its origin continues to be negotiable until it has been restrictively endorsed or discharged by payment or otherwise."

Appellants argue the checks originally were negotiable instruments; they were not restrictively endorsed, as those terms are understood under the uniform negotiable instruments act, or discharged by payment or otherwise and were, therefore, negotiable instruments at the time the garnishment summons was served.

We need not determine the validity of those contentions. As we view it the liability of the garnishee on which the instant judgment was rendered did not arise by reason of the checks the garnishee executed and delivered to the defendant. The liability arose out of the debt the garnishee continued to owe the principal defendant. The checks did not extinguish the debt. Under the evidence the indebtedness existed at the time the garnishment summons was served notwithstanding checks had been issued therefor. The attorney for the garnishee admitted the garnishee owed a debt of $2,800 at the time the garnishment summons was served and at the time of trial in the district court. The garnishee accordingly offered to deposit that amount with the clerk of the district court.

Assuming the oral assignment of the checks, after they were dishonored and known to be dishonored, could constitute a valid transfer of some right, it is clear no money passed and none could thereafter be collected from the bank by virtue of the assignment. The checks having been dishonored had spent their force as an order on the bank to pay to the payee. The subsequent assignment of the checks by the payee did not create a greater right in the interpleader.

The giving of a check by a debtor for the amount of his indebtedness to the payee is not, in the absence of an express or implied agreement to that effect, a payment or discharge of the debt. The presumption is that a check is accepted on condition that it shall be paid. With the exception of a few jurisdictions the authorities are unanimous in supporting this rule. (*Baker-Evans Grain Co. v. Ricord,* 126 Kan. 107, 111, 267 Pac. 14; *Garden City Production Credit Ass'n v. Marcotte,* 156 Kan. 213, 215, 131 P. 2d 702.) In the instant case there was no evidence to rebut the presumptive acceptance of the checks by the payee. The condition on which the checks were accepted had failed before the interpleader received them.

It is settled that the mere taking of a bank check is not a payment of the debt (*Kermeyer v. Newby,* 14 Kan. 164; *Mordis v. Kennedy,* 23 Kan. 408, 409) and if the check is not paid, the party may return it and sue on the original debt. (*Baker-Evans Grain Co. v. Ricord,* supra, p. 111.)

G. S. 1935, 52-1706 reads:

"A check of itself does not operate as an assignment of any part of the funds to the credit of the drawer with the bank, and the bank is not liable to the holder, unless and until it accepts or certifies the check."

See, also, *In re Estate of Brown,* 159 Kan. 408, 412, 155 P. 2d 445.

Most of the decisions relied upon by appellants are note cases. One is a check case. They have been examined with care. The principles announced therein do not justify a reversal of the judgment rendered under the testimony in the instant case.

The judgment is affirmed.