No. 37,562

JULIA A. GRANT, *Appellant,* v. LLOYD M. REED, alias FLOYD RUSSELL, and CLARENCE E. JONES, Interpleader, *Appellees,* and J. C. EDWARDS, Garnishee, and THE FIRST NATIONAL BANK OF YUKON, OKLAHOMA, *Appellants.*

(205 P. 2d 955)

Opinion filed May 7, 1949.

*John F. Eberhardt,* of Wichita, argued the cause, and *George Siefkin* and

*George B. Powers,* both of Wichita, were with him on the brief for appellants First National Bank of Yukon, Okla.; *P. K. Smith* and *Ralph E. Gilchrist,* all of Wichita, were with him on the brief for appellant Julia A. Grant. was with him on the brief for the appellees.

*Rupert Teall,* of Wichita, argued the cause, and *Carl I. Winsor,* of Wichita, was with him on the brief for appellees.

*Lester L. Morris* and *Verne M. Laing,* both of Wichita, as *amici curiae.*

The opinion of the court was delivered by

PRICE, J.: This is an appeal from an order of the lower court with reference to the disposition of certain funds paid into court in garnishment proceedings and is the fourth appearance in this court of some phase or other of the litigation out of which the present appeal arises. (*Grant v. Reed,* 163 Kan. 105, 179 P. 2d 945; *Grant v. Reed,* 163 Kan. 697, 186 P. 2d 239; *Grant v. Reed,* 165 Kan. 27, 193 P. 2d 214.)

The facts are quite involved but for our purposes can be summarized briefly as follows:

In May, 1946, Grant sued Reed in the city court of Wichita to recover on a promissory note. Pursuant to the filing of a garnishment affidavit summons was served upon Edwards as garnishee. His garnishment answer admitted an indebtedness of $2,718.28 to defendant. Defendant moved to discharge garnishee Edwards on the ground that the indebtedness was represented by two negotiable bank notes. On the same date an intervening petition was filed by Jones, asserting ownership of the garnished debt by prior assignment from defendant. On August 1, 1946, judgment was rendered in favor of Grant against Reed in the amount of $685, together with costs and interest; and on August 6 an order was made sustaining the motions of defendant Reed and interpleader Jones to discharge the garnishee Edwards. This latter order was appealed by plaintiff to the district court and was docketed in that court as case No. A-19954.

On November 7, 1946, the district court entered judgment denying the motions of defendant and interpleader to discharge garnishee Edwards and he was ordered to pay to the clerk of the court in satisfaction of plaintiff's judgment a total amount of $716.37, representing the amount of the judgment, interest and costs, and in addition the court found there had been no assignment of garnishee Edwards' debt by defendent Reed to interpleader Jones. Edwards immediately paid to the clerk of the court the sum of $716.37, and on November 12, 1946, the following order was entered by the court

and approved by counsel for plaintiff, garnishee, defendant, and interpleader:

"Now, on this 12th day of November, 1946, comes on to be heard the above entitled matter, and the Court being duly advised in the premises finds that the Garnishee, J. C. Edwards, in the above entitled matter, having paid into Court the amount ordered by the Court to be so paid, to wit: $716.37, should be released as Garnishee in the above matter.

"It Is Therefore by the Court Ordered that said J. C. Edwards be and he hereby is released as Garnishee in the above entitled matter."

No appeal has ever been taken from this order.

On October 4, 1946, First National Bank of Yukon, Okla., brought suit in the district court of Sedgwick county against Reed and this case was docketed as No. A-20502. Simultaneously a garnishment affidavit was filed regarding a debt owed by Edwards to defendant, garnishment summons being served upon Edwards on October 4, 1946. Defendant Reed and garnishee Edwards are the same parties who were defendant and garnishee respectively in case No. A-19954, above referred to. On November 2, 1946, the defendant moved to discharge the garnishee on the ground that the latter's debt to him was represented by two negotiable bank notes. On the same date Jones (being the same person who filed an intervening petition in case No. A-19954, *supra*) and White Truck Sales, Inc., filed an intervening petition alleging they owned the debt of garnishee Edwards to defendant Reed by assignment antedating the garnishment; that the debt was not subject to garnishment because it was evidenced by two negotiable bank notes and the prayer was for discharge of the garnishee. These motions have never been ruled upon. On November 12, 1946, garnishee Edwards filed his answer in the Yukon bank case, No. A-20502, in which he acknowledged his indebtedness to defendant Reed in the amount of $2,718.28, but further alleged that Jones, together with Knott and DeLanty, also asserted claims to such funds; that he, Edwards, had been ordered to pay into court the sum of $716.37 in *Grant v. Reed,* case No. A-19954, *supra;* that he, Edwards, was paying the $2,001.91 balance of said debt to the clerk in the instant action; and prayed for an order discharging him as garnishee and requiring the other claimants above named to intervene and for an order of the court determining the respective interests of said claimants to this balance of $2,001.91 which was on the same day paid into court by him in case No. A-20502. Meanwhile on November 5, 1946, the Yukon bank moved for judgment against defendant Reed for want of any plead-

ings and on December 18, 1946, judgment was rendered for the bank against Reed in the amount of $2,692.14 together with interest and costs. On January 7, 1947, Knott and DeLanty, plaintiffs in another suit (No. A-20656) against defendant Reed, filed a motion to vacate said default judgment and a similar motion was filed by defendant himself the next day.

Going back now to case No. A-19954 we find that on December 13, 1946, defendant Reed and interpleader Jones appealed to this court from the order denying their motions to discharge garnishee Edwards but *not* from the order of November 12, 1946, approving the garnishee's payment and discharging him. A supersedeas and cost bond was executed by interpleader Jones as principal and Tuttle as surety.

Shortly thereafter and on January 10, 1947, in view of the appeal taken in case No. A-19954, the court in case No. A-20502 entered an order that—

". . . no effort will be made to withdraw the money paid by the garnishee, J. C. Edwards, herein to the Clerk of the above entitled court until the further order of this Court. IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the above action be and it hereby is continued over the term, and that all funds paid into court shall not be disbursed until the further order of the court."

The judgment in case No. A-19954 was affirmed by this court (*Grant v. Reed,* 165 Kan. 27, 193 P. 2d 214) and the mandate was filed in the district court on June 22, 1948.

It then developed that the sum of $716.37 paid into court by garnishee Edwards on or about November 7, 1946, in case No. A-19954 was not sufficient to discharge plaintiff Grant's judgment with interest and costs accrued since that date and so on July 30, 1948, Grant filed a motion for judgment in the amount of $106.75 against the supersedeas bondsmen Jones and Tuttle reciting that—

". . . the mandate from the Supreme Court has been on file with the Clerk of the District Court for more than thirty days and there is still a balance of principal and interest unpaid upon said judgment in the amount of $106.75."

On or about August 2, 1948, this motion was sustained and judgment was entered in favor of plaintiff Grant and against Jones and Tuttle for $101.75, the journal entry being approved by counsel for plaintiff and both bondsmen.

Two days later Jones filed the following motion:

"Comes now the interpleader, Clarence E. Jones, by his attorneys, Lampl & Lampl, and moves the Court for an order directing the Clerk to pay to the

plaintiff a sum sufficient to satisfy her judgment from moneys deposited with the Clerk by the garnishee, J. C. Edwards, in the case of *First National Bank of Yukon v. Floyd Russell,* No. A-20502."

A copy of this motion filed in case No. A-19954 was served upon counsel for the Yukon bank, plaintiff in case No. A-20502, and on August 14, 1948, the court in case No. A-19954 made the following order:

"Now on this 14th day of August, 1948, it being a regular day of the April, 1948, term of this Court, this matter comes on for hearing on the motion of the interpleader for an order directing the Clerk of the Court to pay to the plaintiff a sufficient sum to satisfy her judgment against the defendant from certain moneys deposited with the Clerk of this Court by the garnishee, J. C. Edwards, in the case of *First National Bank of Yukon v. Floyd Russell,* No. A-20502, the interpleader appearing by his attorneys, Lampl & Lampl, the plaintiff in the case of *First National Bank of Yukon v. Floyd Russell,* No. A-20502, appearing by its attorneys, Foulston, Siefkin, Schoeppel, Bartlett & Powers and the Court, after hearing argument of counsel and being advised in the premises, finds that said motion should be sustained;

"IT IS THEREFORE ORDERED AND THE CLERK OF THIS COURT IS HEREBY DIRECTED to pay to the plaintiff, Julia A. Grant, a sum of money sufficient to satisfy her judgment against the defendant, Loyd M. Reed, alias Floyd Russell, from certain moneys deposited with the Clerk of this Court by the garnishee, J. C. Edwards, in the case of *First National Bank of Yukon v. Floyd Russell,* No. A-20502."

This is the order from which the appeal now before us was taken.

Thus we have substantially the following situation—three different suits were filed against defendant Reed and Edwards was garnisheed in each. In *Grant v. Reed,* No. A-19954, judgment was rendered for Grant and garnishee Edwards was ordered to pay into court the sum of $716.37 in full satisfaction of plaintiff's judgment. He made such payment and on November 12, 1946, the court entered an order releasing him as garnishee in the case. A month later Reed and interpleader Jones appealed to this court from another phase of the case but not from the order of the court releasing the garnishee. In the meantime the Yukon bank, in case No. A-20502, had recovered judgment against Reed and on November 12, 1946, the same date on which the order was made in case No. A-19954 releasing garnishee Edwards from further liability in that case, he (Edwards) filed his answer in the Yukon bank case in which he set out that he had been ordered to pay into court the sum of $716.37 in case No. A-19954 and that he was paying into court in the Yukon bank case the balance of $2,001.91 and the payment of this balance was so made by him on that date. The court, on Janu-

ary 10, 1947, then made the order heretofore set out which in effect held in abeyance the disposition of the balance of $2,001.91 paid into court by Edwards until further order of the court. Reed and Jones were unsuccessful in their appeal to this court from the one phase of case No. A-19954 and in the meantime, of course, additional interest on Grant's judgment had accrued and the sum of $716.37, which had been paid into court by garnishee Edwards back in November, 1946, was insufficient to cover the increased amount and so Grant filed a motion for judgment against Jones and his bondsman. This motion was sustained and judgment was entered in favor of Grant and against Jones and Tuttle for $101.75, whereupon two days later Jones moved for an order of the court directing the clerk to pay to Grant in case No. A-19954 a sum sufficient to satisfy Grant's judgment against him (Jones) and Tuttle out of moneys deposited with the clerk by garnishee Edwards in the Yukon bank case, No. A-20502. The court sustained this motion and rendered the judgment of August 14, 1948, *supra*—hence this appeal.

Many questions are raised by appellees, one of which is the right of any of the appellants, Grant, Edwards, or the Yukon bank, to appeal, and particularly with reference to Grant who, on August 26, 1948, collected from the clerk of the district court the sum of $101.75 in full satisfaction of the order and judgment from which this appeal is taken.

While there may be some question as to Grant's right to appeal, yet we do not feel called upon to pass on the matter but prefer to decide this case on the one main question involved. And certainly the Yukon bank and garnishee, Edwards, in case No. A-20502, are parties adversely affected by the order appealed from but further discussion of this point would add nothing to this opinion.

In their brief appellants state that the real question involved on this appeal is this:

"May a court, in one action, order that plaintiff's unpaid judgment therein be discharged out of moneys paid into court by a garnishee in a second, utterly unrelated action, pursuant to garnishment procedures initiated in said second action by a plaintiff who has no connection with and is not even a party to said first action?"

In other words, could the subsequently-accrued balance of the judgment in favor of Grant in case No. A-19954, which incidentally came into being as a result of the unsuccessful appeal by Reed and Jones, *supra,* be satisfied out of funds paid into court by garnishee Edwards in the Yukon bank case, No. A-20502?

We are cited numerous authorities by appellees concerning priority of garnishments holding that a prior garnishing creditor is, as a general rule, entitled to have the property or effects in the hands of the garnishee applied to the satisfaction of his claim to the exclusion of subsequent garnishing creditors. Appellees also argue that the payment to the clerk by garnishee Edwards of the balance of $2,001.91 in the Yukon bank case, No. A-20502, was in the nature of a "voluntary" payment and not paid under and by virtue of a specific court order and therefore the clerk of the court merely stepped into the shoes of the garnishee; that such sum carried plaintiff Grant's lien with it as it went from the pockets of the garnishee to the pockets of the clerk, and that the mere act of the clerk in placing it to the credit of plaintiff bank in that case did not *ipso facto* remove it and make it the the sole and absolute property of the litigants in such case.

Appellants on the other hand vigorously contend that when garnishee Edwards by order of court paid to the clerk the sum of $716.37 in case No. A-19954 and on November 12, 1946, was released and discharged as garnishee by order of the court (and from which order of discharge and release no appeal has been taken) he, Edwards, was relieved of all further liability in that case and therefore moneys paid into court by him as garnishee in the subsequent Yukon bank case could not be subjected to the payment of any further claim of Grant in the former case.

We concede that the authorities cited by appellees as to priority of garnishments state the correct rule of law but we have great difficulty so far as their application to the facts of this case is concerned. As to appellees' point that the payment of $2,001.91 by garnishee Edwards to the clerk in the Yukon bank case was made "voluntarily" it would appear that under the circumstances the provisions of G. S. 1935, 60-960, would apply—

"A garnishee may pay the money owing to the defendant by him to the sheriff having the order of attachment or into court. He shall be discharged from liability to the defendant for any money so paid not exceeding the plaintiff's claim. . . ."

Furthermore, the court in the bank case made the order on January 10, 1947, that such fund "shall not be disbursed until the further order of the court," thus making garnishee Edwards' payment into court as binding upon him as if it had been made initially upon order of the court.

The thing narrows down to this—garnishee Edwards in the Grant case, No. A-19954, paid into court the sum of $716.37 in complete discharge of plaintiff Grant's full judgment, interest and costs. This amount was the total of Edwards' obligation (G. S. 1935, 60-954, 60-960). Thereupon the court made the order of November 12, 1946, which recited "that said J. C. Edwards be and he hereby is released as garnishee in the above entitled matter." This order manifestly discharged him from further liability to plaintiff Grant and the order, never appealed from, constituted a final adjudication to the effect that he was answerable to plaintiff Grant only in the sum of $716.37. Such being the case, we are unable to agree with appellees that the court in a subsequent proceeding in the same case had authority to dip into the garnishment funds paid into court by him in the second unrelated case to satisfy the subsequently-accrued balance due plaintiff Grant in the former case pursuant to a motion for such order by Jones, the unsuccessful interpleader and appellant in the former case. However, we find it unnecessary to go into detail concerning interpleader Jones' standing to insist that garnishee Edwards pay a judgment belonging to Grant but prefer to rest our decision on the proposition that the ruling of August 14, 1948, was erroneous because of the fact that Edwards had already been discharged and released from any further liability as garnishee in the former case.

It therefore follows that the judgment of the lower court must be and the same is hereby reversed.