GENERAL MOTORS ACCEPTANCE CORPORATION, peticionaria, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE SAN JUAN, HONORABLE LUIS R. POLO, JUEZ, demandado.

*Número:* 2787. *Resuelto:* 4 de mayo de 1962.

330

*Héctor Martínez Muñoz,* abogado de la peticionaria; *F. Fer-nández Cuyar,* abogado de Travelers Fire Insurance Co.

Sala integrada por el Juez Presidente Señor Negrón Fernández y los Jueces Asociados Señores Blanco Lugo y Dávila.

EL JUEZ ASOCIADO SEÑOR BLANCO LUGO emitió la opinión del Tribunal.

En 2 de septiembre de 1955 la corporación General Motors Acceptance Corporation inició una demanda en cobro

de dinero contra Julio Santiago González en reclamación de la suma de $2,997.40, que representaba el balance insoluto del precio de venta de un vehículo de motor. Dentro de la acción—que se registró con el número CS–55–4132 del Tribunal Superior, Sala de San Juan—solicitó y obtuvo en la misma fecha una orden de aseguramiento de sentencia y para cumplimentarla se expidió un mandamiento dirigido al alguacil para que procediera a embargar, y hasta la cantidad indicada, "el importe de la póliza de seguros Núm. 3716307 expedida por la Travelers Fire Insurance Company a favor del demandado . . . de cuyo importe ni la compañía aseguradora, sus oficiales, agentes o empleados . . . ni el demandado, podrá disponer . . ." Se le ordenaba además a dicha aseguradora que retuviera en su poder el importe de dicha póliza que pudiera corresponder al demandado, "cantidad que deberán entregar al Márshal del Tribunal Superior de Puerto Rico." El mandamiento se diligenció el mismo día mediante entrega de copia del mismo a un oficial de la firma Adolfo Steffens, agentes generales de la compañía aseguradora, "haciéndole saber del contenido del mismo." La parte demandante obtuvo finalmente sentencia por la suma reclamada en 16 de marzo de 1959,(1) la cual se convirtió en firme y ejecutiva.

En 2 de octubre de 1956, doña Teresa Carle viuda de Noya presentó una demanda contra el mismo Santiago, bajo el número CS–56–4624, en reclamación de la suma de $3,000, importe de varios préstamos que le había hecho con anterio-

---

(1) Originalmente la demanda se declaró sin lugar por sentencia dictada en 28 de septiembre de 1956, pero la misma fue revocada por este Tribunal en 18 de noviembre de 1958, y se devolvió el caso al tribunal de instancia para ulteriores procedimientos no incompatibles. *General Motors Acceptance Corporation* v. *Julio Santiago González*, recurso de apelación núm. 12205. La sentencia dictada por este Tribunal leía como sigue:

"Siendo evidente que los pagos hechos por el vendedor condicional a una compañía de finanzas (dealers payments) dentro de un plan general de financiamiento, no dejan liberado al comprador condicional, se revoca la sentencia dictada por el Tribunal Superior, Sala de San Juan, el 28 de septiembre de 1956, y se devuelve el caso para ulteriores procedimientos no incompatibles con esta sentencia."

ridad a que se instruyera el pleito. Para asegurar la efectividad de la sentencia que pudiera dictarse a su favor, se expidió un mandamiento que fue diligenciado el día 8 siguiente mediante "embargo" del producto de la póliza anteriormente mencionada y orden dirigida a la aseguradora para que no dispusiera y retuviera en su poder, o en su defecto, para que entregara al alguacil el importe correspondiente, y éste, "a su vez, lo deposite en la Secretaría del Tribunal hasta ulterior disposición de la corte." En 5 de marzo de 1957 se dictó sentencia por estipulación a favor de la demandante por la suma de $2,000.

Mientras tanto, Santiago había iniciado un pleito en cobro de póliza contra la Travelers reclamando la suma de $4,500 por pérdida total del vehículo asegurado y $4,500 adicionales por daños y perjuicios ocasionádosle. La acción se inició en 16 de marzo de 1956 y se registró con el número C–56–1292. A pesar de que para esta fecha ya se le había notificado el mandamiento dictado en aseguramiento de la sentencia que pudiera recaer a favor de la General Motors Acceptance Corporation, tal hecho no se puso en conocimiento del tribunal ni en la contestación ni posteriormente. En 11 de noviembre de 1956 recayó sentencia a favor de Santiago por la suma de $1,767, cuyo importe fue entregado al alguacil en 25 de febrero de 1957, radicándose al efecto por la compañía un escrito de satisfacción de sentencia que lee como sigue:

"La demandada por la presente hace constar que, habiéndose dictado sentencia final en el presente caso, que es hoy firme por no haber sido apelada, condenando a esta demandada a pagar al demandante la suma de mil setecientos sesenta y siete dólares ($1,767.00), y habiendo sido embargada dicha cantidad en el pleito civil Número 56-4624 intitulado Teresa Carle Vda. de Noya vs. Julio Santiago González, de este mismo Tribunal, la demandada ha entregado en el día de hoy al márshal de este Tribunal su cheque certificado Núm. 79030 por la suma de mil setecientos sesentisiete dólares ($1,767.00) en pago total de la sentencia dictada en autos."

En la misma fecha en que se dictó la sentencia por estipulación en la acción en cobro de dinero 56–4624, la demandante señora Carle presentó una moción solicitando el retiro de los fondos consignados por Travelers a favor de Santiago, a la cual se proveyó mediante orden que reza así: "Como se pide. Expídase por la Secretaria un cheque por la suma que haya sido depositada." (²) Así se hizo.

Cuando la General Motors Acceptance Corporation intentó ejecutar la sentencia dictada a su favor, la Travelers se negó a entregarle suma alguna alegando que el importe de la póliza había sido consignado en corte en pago de la sentencia dictada en su contra en el caso 56–1292. En vista de esta posición adoptada por la aseguradora, la General Motors solicitó se le ordenara a Travelers a pagarle la suma de $1,767. Esta última compareció en cumplimiento a una orden para mostrar causas y alegó que había entregado al alguacil el importe de su responsabilidad bajo la póliza "para que por dicho funcionario se dispusiese . . . en la forma que estimare correcta"; que *ignoraba* la disposición hecha por el alguacil de los fondos consignados; y que, de todas formas, no venía obligada a satisfacer dos veces la misma cantidad. Así lo resolvió el tribunal de instancia, y para revisar su resolución al efecto, expedimos auto de certiorari. ▄▄▄

La cuestión envuelta en este recurso se limita sencillamente a determinar sobre la preferencia entre dos mandamientos sobre aseguramiento de sentencia y si el cumplimiento del posterior libera a la aseguradora de responsabilidad con el primer acreedor por sentencia. No tenemos duda de que a la fecha en que se le notificó el primer mandamiento la Travelers no venía obligada a depositar el importe requerido, pues dicha compañía estaba controvirtiendo su respon-

---

(²) De lo expuesto colegimos que la Travelers entregó un cheque certificado a favor del alguacil y que éste, en cumplimiento de la orden de aseguramiento obtenida por la señora Carle en el caso civil CS–56–4624, lo trasladó a la secretaria.

sabilidad bajo la póliza expedida, *General Accident Fire & Life Ass. Corp.* v. *Mitchell,* 259 P.2d 862 (Colo. 1953) ; *Allor* v. *Dubay,* 26 N.W.2d 772 (Mich. 1947) ; *Rodenkirk* v. *State Farm Mutual Automobile Ins. Co.,* 60 N.E.2d 269 (Ill. 1945) ; *Garnishment Provisions in Insurance Policies Prohibiting Assignments,* 6 Rut. L. Rev. 619 (1952). Pero una vez desaparecida la contingencia por haberse dictado sentencia en la acción iniciada por el asegurado contra la aseguradora, no podía interponerse reparo alguno al cumplimiento de la orden de retención y depósito, en su caso. En tal caso, un acreedor que embarga primero los bienes del demandado en poder de un tercero tiene preferencia sobre cualquier otro acreedor posterior que intente embargar o que se retenga los mismos bienes, *Grant* v. *Reed,* 205 P.2d 955 (Kan. 1949). En realidad, en razón y justicia, no vemos como pueda prevalecer en este campo una regla distinta a la que rige en el Derecho inmobiliario, porque la situación es idéntica, con excepción de la naturaleza de los bienes sujetos a la retención o embargo. Como cuestión de hecho, cuando se traba válidamente un "garnishment" los fondos están simbólicamente bajo custodia legis y fuera de la facultad de disposición tanto del demandado en el pleito principal como de su deudor (garnishee). *Stonecipher* v. *Knoxville Savings & Loan Ass'n,* 298 S.W.2d 785 (Tenn. 1956). La única forma en que se libera de responsabilidad un tercero en posesión de bienes del demandado que han sido embargados por acreedores de éste es depositándolos en el tribunal y dando de ello conocimiento *a todos los interesados.* En algunos estados se requiere la comparecencia del tercero—deudor del demandado—mediante un procedimiento para obligar a los distintos reclamantes a litigar entre sí (interpleader).[3] *First State Bank* v. *Burton,* 64 So.2d 421, 423 (La. 1953) ; *Wall* v. *Wall,* 181 S.W.2d 817 (Tex. 1944), cf. *Puissigur* v. *Yarbrough,* 175 P.2d 830 (Cal. 1946). Pero no basta la mera consignación

---

[3] Véase la Regla 19 de las de Procedimiento Civil de 1958, 32 L.P.R.A. (Supl. 1960), pág. 113.

en el tribunal, bien mediante entrega al alguacil o depósito en la secretaría, sino que es indispensable además notificar a los acreedores embargantes, o cuando menos, advertir al tribunal de las reclamaciones opuestas para que éste, antes de dictar una orden para la disposición final de los fondos, pueda resolver sobre la prelación entre los distintos reclamantes. Los casos de *La Grass* v. *Credit Inv. Co.*, 116 N.E.2d. 316 (Ohio 1953) y *Black Mountain Corp.* v. *Parsons*, 126 S.W.2d 874 (Ky. 1939) citados por la interventora son claramente distinguibles pues ambos se refieren a la responsabilidad del tercero deudor (*garnishee*) para con el demandado cuando ha depositado los bienes en el tribunal en cumplimiento de un mandamiento al efecto, o sea, que no se trata en ellos el asunto de la preferencia entre distintos acreedores del demandado. ■

Según indicamos en *Ruiz* v. *Commercial Insurance,* 83 D.P.R. 324 (1961), el tercero que tiene bienes en su poder pertenecientes al demandado debe asegurarse, al verificar el pago, "que los derechos de la persona a cuyo favor se ordenó la retención queden protegidos." *Portland Ass'n, etc.* v. *Earley*, 254 P.2d 758, 762–763 (Wash. 1953); *Gainville Feed & Poultry Co.* v. *Waters*, 73 S.E.2d 771 (Ga. 1952); Nota en 13 Notre Dame Law 328 (1938). Si omite hacerlo, sufre las consecuencias y se expone a pagar dos veces. Y es esa precisamente la situación de la Travelers en el presente caso. ■

A pesar de haber sido notificada de una orden de retención y depósito a instancia de la General Motors Acceptance Corporation, cuando efectuó el pago se limitó a advertir expresamente sobre la existencia de la segunda orden a favor de la señora Carle. Claramente no se aseguró de que los derechos de *todos* los interesados quedaron protegidos. Resulta peregrina su alegación de que se limitó a cumplir lo que se le ordenaba, o sea depositar el importe de su responsabilidad bajo la póliza con el alguacil, cuando se confronta con su alegación en el escrito de satisfacción de sentencia en

el cual omite toda referencia a la primera orden pero advierte al tribunal que dicha suma había sido embargada en el pleito posterior 56–4624.

*Se anulará la resolución recurrida y se dictará otra en su lugar ordenando a la Travelers Fire Insurance Co., a pagar a la General Motors Acceptance Corporation la suma de $1,767.00. Se le impone además el pago de la suma de $500.00 para honorarios de abogado.*