# Parsons v. Black Mountain Corporation.

(Decided June 25, 1937.)

C. B. SPICER for appellant.

B. M. LEE for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

This is an independent action to obtain a new trial of a former one between the same parties in which former action the appellant and defendant below in this case, H. L. Parsons, recovered a judgment against the appellee and plaintiff below, Black Mountain Corporation, for more than $500, a part of which was an item of alleged indebtedness due the plaintiff in the former action by the defendant therein of $152.25. The court sustained the prayer of the petition in this case and granted plaintiff herein a new trial, to reverse which defendant prosecutes this appeal. So far as this case is concerned, it is immaterial whether the action was brought under section 344 of the Civil Code of Practice,

or under section 518 of the same Code, since the grounds relied on are common to both sections. They are—newly discovered material evidence in behalf of defendant in the former action (and plaintiff in this one) and unavoidable casualty by which it was deprived of the newly discovered evidence at the former trial.

The home office of the plaintiff herein is located outside of Kentucky, and its servants in charge of its local offices in Harlan county at the time of the involved transactions were different persons from those who were in charge of that office at the time of the trial of the former action; consequently they (the latter servants) had no knowledge of the existence of the newly discovered evidence. That evidence consisted in this: That, as stated, one of the items sued for in the original action was $152.25 alleged to be due plaintiff in that action for having bored a certain well for defendant therein in 1926, and for which he alleged he had not received payment. At the trial of that action counsel for the defendant therein (appellee herein) produced a check payable to Parsons covering that item; but he proved that he never indorsed it, or in any manner got the benefit of its proceeds, and that the indorsement of his name thereon was by some person without his authority. He established that fact to the satisfaction of the jury and which resulted in the failure of defendant therein to prove payment of that item.

Some time after the adjournment of the court rendering that judgment (Harlan circuit) counsel for defendant therein, being confident that the item referred to had been paid, discovered through an ex-employee of the defendant in that action that its payment was made pursuant to an order of the Harlan circuit court, entered in a prior case pending therein of Pope-Cawood Lumber & Supply Co. v. H. L. Parsons, in which the Black Mountain Corporation was garnisheed, and was later directed to pay the sum which it owed Parsons for the price of boring a well in 1926. Continued investigation after the trial located that check in the foreign office of the Black Mountain Corporation and when produced it completely sustained the plea of payment relied on by defendant in the original action.

The instant petition expressly referred to the judgment, pleadings, orders, and all parts of the record in the original action and by reference incorporated it as

a part of the petition, which was done by this language: "Plaintiff makes a part of this petition the entire record of the proceedings in the case of H. L. Parsons v. Black Mountain Corporation, in which the judgment complained of herein was rendered." The same reference incorporation of the proceedings in Pope-Cawood Lumber & Supply Company v. H. L. Parsons is also made. No part of the record in either of those incorporated proceedings is brought to this court in the instant record filed here by appellant. It is, therefore, insisted by counsel for appellee (plaintiff) that the judgment should be affirmed under the universally established rule that it will be presumed that omitted parts of the record, as made in the trial court, would sustain the judgment appealed from. That contention is controverted by counsel for appellant because he says that the instant record does not affirmatively show that any part of the records of the two cases referred to were introduced at the hearing below, or in any wise relied on by the trial court. But that attempted avoidance is necessarily based on the theory that the reference incorporation of those records, as parts of appellee's petition in this case, was only for evidentiary purposes and that it was not essential or necessary for such incorporation to be made in order for plaintiff to state a good cause of action. Therefore, counsel reasons that if the incorporation of those records was for the purpose that he claims, then it should appear in the record that they were introduced or offered to be introduced as evidence upon the hearing of this petition for a new trial before the presumption referred to would be indulged. Counsel, however, is mistaken in his position, as clearly appears from our opinions in the cases of Noe v. Davis, 171 Ky. 482, 188 S. W. 457, 458, Hatcher v. Hatcher, 183 Ky. 270, 209 S. W. 36, and others therein referred to.

In the Noe Case, in speaking to the point, we said: "Hence it is necessary [in a petition for a new trial by independent proceedings] to set out in the petition for a new trial all the proceedings and the issues, that the court may be able to tell whether the proposed defense pleaded in the petition will constitute a valid defense to the matters pleaded in the action in which the judgment sought to be vacated was recovered." The opinion then cites these cases in support of that statement: Louisville Tobacco Warehouse Co. v. Wood & Bum-

gardner, 82 S. W. 456, 26 Ky. Law Rep. 769; Rice's Ex'rs v. Wyatt, 76 S. W. 1087, 25 Ky. Law Rep. 1060; Weir v. Weir, 45 S. W. 66, 19 Ky. Law Rep. 2005; Johnson v. Carter, 63 S. W. 485, 23 Ky. Law Rep. 591, and Flint v. Illinois Cent. R. Co., 97 S. W. 736, 29 Ky. Law Rep. 1149. The court then points out that the plaintiff therein did not comply with that requirement by saying: "The appellant does not refer to nor make the record, in the suit in which the judgment he seeks to vacate was rendered, a part of his petition nor amended petition." Later, in that opinion, under subdivision (3) thereof, the court points out that such former record of the proceeds, in which the new trial is sought, may be made a part of the independent petition for a new trial by reference and need not be copied therein verbatim. The Hatcher opinion approves the rule announced and applied in the Noe Case, and it may now be considered as an established rule of practice, and especially so in this class of cases.

Moreover, subsection 2 of section 128 of the Civil Code of Practice says: "In an equitable action, such exhibits shall constitute part of the record, unless it show that they were not used on the trial." The exhibits therein referred to are those mentioned in subsection 1 of that section which includes all exhibits not required to be filed with the pleading under section 120 of the same Code. The instant proceeding is an equitable one and the record brought here of the instant proceedings does not negative the fact that the record— incorporated by reference as a part of the petition— was not heard or considered by the trial court. We, therefore, conclude that, at least the record in the old action of Parsons v. Black Mountain Corporation—the judgment in which is sought to be set aside by this independent action—became a part of the record in this one and will be presumed to have been considered by the trial court and, therefore, should have been made a part of this record. Counsel for appellant expresses a willingness to supplement the record if this court, under this final submission, should considers it necessary. He has made no motion to that effect and it is our province to decide cases only upon the record actually brought here. If litigants before this court desire amendments of records sent here, they should take the proper steps in this court to procure them—none of which has been done by appellant.

But it is insisted that the petition does not state sufficient grounds to authorize the granting of a new trial, but with which we do not agree. It is clearly shown that counsel had the right to rely on what appeared to be the paid check that he introduced, but which, as we have seen, turned out to be ineffectual for that purpose because appellant had not received or indorsed it. The reason why he had not was, that after it was issued by appellee and sent to its local office in Harlan, appellee was garnisheed in the action hereinbefore referred to and the local officers then in charge of it indorsed the payee's name thereon and cashed it, and put the proceeds to the credit of defendant. Later a check was given as directed by the Harlan circuit court for the same amount under the garnishee proceedings in Pope-Cawood Lumber & Supply Co. v. Parsons, pending in the same court. Enough facts are alleged and proven to excuse the nonproduction of the check issued and paid under the garnishee order made in the latter case. We conclude that this insistence is not well taken. Besides, we do not know what the records, incorporated as a part of the instant petition, developed toward establishing the excuse now urged by plaintiff's counsel for not discovering the facts herein relied on in time to be used at the former trial.

Again it is insisted by counsel for appellant that he averred in his client's answer that all the matters involved in the former action grew out of a contract between his client and plaintiff herein, made in 1927, and which were alone involved in the original action herein. Therefore, he argues that the involved item of $152.25, discussed above, has no relevancy because it was dated and the transaction which it settled occurred in 1926. That averment was not specifically denied and counsel argues that it stands admitted and because of which the judgment granting the new trial should be reversed. But the trouble with that contention is, that it is but an affirmative denial of what had been alleged in the petition wherein plaintiff expressly averred that the disputed item of $152.25 was included in the judgment sought to be set aside, and that it was for the price of a well that was drilled by Parsons ''in the year 1926.'' A denial of that averment was all that was required of defendant in this action; nevertheless he saw proper to make an affirmative contradictory averment, the effect of which was to deny the averment referred

to as contained in the petition, but such an affirmative denial calls for no responsive pleading.

Perceiving no error prejudicial to the substantial rights of appellant, and for the reasons stated, the judgment is affirmed.