## Black Mountain Corporation v. Parsons.

Feb. 24, 1939.

James M. Gilbert, Judge.

B. M. LEE (deceased) for appellant.

C. B. SPICER and D. B. SMITH for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Reversing.

The petition of appellee in this action was filed March 23, 1931, alleging that the defendant employed him to drill water wells on certain property owned by it, by which contract of employment he was to drill not less than 500 feet of wells; that he drilled and completed one well of 101½ feet, for which the defendant was indebted to him in the sum of $152.25; that the appellant wrongfully refused to permit him to drill the remainder of the 500 feet, and damage was sought for this breach of contract. It is alleged that this work was done in the year 1927.

On the first trial, a verdict was returned for $567.20 on which judgment was entered. Thereafter, appellant filed suit for a new trial on the ground of newly discovered evidence. Appellant was contending that this work was done by appellee in August, 1926, and that while it was indebted to him in the sum of $152.25 for drilling the well, a suit was filed against appellee in the Harlan Circuit Court by the Pope Cawood Lumber Company, in which appellant was named as garnishee and that, pursuant to this garnishment, it paid this $152.25 to the Clerk of the Harlan Circuit Court. On the trial of this suit for a new trial, it was adjudged by the Harlan Circuit Court that the evidence was sufficient to warrant a new trial and judgment was entered granting it, from which appellee appealed to this court, and the decision of the trial court was affirmed. The opinion of

this court in that case is found in 269 Ky. 459, 107 S. W. (2d) 310.

On the second trial of the case, verdict was rendered in appellee's behalf for $351.50, the verdict specifying that it was for drilling the 101½ feet at $1.50 per foot and 398½ feet at 50 cents per foot. In short, the verdict allowed appellee for the drilling actually done by him and damages for breach of contract at the rate of 50 cents per foot for the balance of the 500 feet covered by the alleged contract. From a judgment entered on that verdict this appeal is prosecuted.

Appellant contends that the lower court erred (1) in overruling the demurrer to the petition, (2) in rejecting competent evidence offered by defendant, (3) in instructing the jury, and (4) in refusing to give a directed verdict at the conclusion of the evidence.

(1) Appellant contends that the court erred in overruling the demurrer to the petition insofar as it sought damages for breach of the drilling contract, because it does not allege that the appellee made any effort to find any other work and thereby minimize his damages. We are of the opinion that there is no merit in this contention because it is not a case of master and servant or principal and agent, and the action is not based on a breach of contract for personal services. In an action for breach of an ordinary contract where the relation of master and servant or principal and agent does not exist, the action not being based on a breach of contract for personal services, and where the plaintiff has the right to do the work himself or employ others for that purpose, it is not necessary to allege or prove due diligence to get other employment. Beckette v. Kinner, 167 Ky. 335, 180 S. W. 530; Burleigh & Sons v. Overton, 173 Ky. 70, 190 S. W. 472; Owensboro Shovel & Tool Company v. Moore, 154 Ky. 431, 157 S. W. 1121.

(2) Appellant complains that the court committed error in excluding from the jury a photostatic copy of a check for $152.25 paid by it to F. M. Jones, Clerk of the Harlan Circuit Court. When the suit of Pope-Cawood Lumber Company v. Parsons was filed, appellant was named as garnishee. The original of this order of garnishment served on appellant appears in the record. It claims that pursuant thereto it paid the $152.25 to Jones by the check offered to be proven by the photostatic copy. We are of the opinion that the court properly ex-

cluded this, as the original check was the best evidence and no excuse or reason is given for not offering the check itself. In fact, it seems from the record that the original check is in appellant's possession.

(3) The error claimed by appellant in instructing the jury will not arise on the next trial of this case in view of the ruling of the court as to the item of $152.25 for which judgment was rendered against appellant.

(4) We are of the opinion that the court properly overruled the motion for a directed verdict insofar as the claim for damages for breach of contract is concerned. There was ample evidence that the contract was made as claimed by appellee and that appellant breached this contract. As to this claim, it was immaterial whether the contract was made in 1926 or 1927—there was no plea of limitations and, as a matter of fact, five years had not elapsed before the filing of this action even though the contract was made in 1926.

However, as to the item of $152.25 for drilling the completed well, we are of the opinion that the court should have directed a verdict in appellant's behalf. The evidence establishes beyond any question that this well was drilled in the year 1926. Appellee and his son testify, according to recollection only, that it was in 1927, and a memorandum is introduced in evidence dated in the year 1927 signed by appellant's agent, who made the contract with appellee showing the number of feet in the completed well drilled by appellee. But this evidence is overcome so conclusively by the testimony of numerous witnesses in the case and by documentary evidence as to leave no doubt whatsoever that the work was done in the year 1926. Appellee does not claim to have done any other work for appellant at any time except the drilling of this well. Appellant produces and files in the record a copy of the order of garnishment served on it in the case of Pope-Cawood Lumber Company v. appellee dated September 11, 1926, with its notation thereon "Paid 12/23/26." One R. G. Ridener moved his drilling outfit on appellant's property and began the drilling of the remaining wells and it is admitted by appellee that Ridener started drilling before he moved his drilling outfit off the property. In the record appear bills submitted by Ridener to appellant for this drilling and letters written by him concerning same, all of which are dated in the year 1926. The original action filed by appellee on November 7, 1927,

later dismissed, alleges that the work was done in the month of August, 1926. While it is true that appellee and his son testified as above stated that the work was done in 1927 and the memorandum mentioned appears in the evidence, we are of the opinion that when all the evidence in the case is considered, especially this documentary evidence, it so completely overcomes and destroys the effect of the evidence introduced by appellee that it cannot be said even to be a scintilla within the meaning of the scintilla rule.

While the trial court excluded from the jury the photostatic copy of the check by which appellant claims it paid to the clerk this item of $152.25, Mr. Jones, who was clerk at that time, testifies positively that the $152.25 was paid to him as clerk by appellant pursuant to the garnishment served on it in that action, and that it was paid on behalf of H. L. Parsons, the appellee. There was no evidence in the case disputing this testimony of the former clerk. He admits receiving the money on behalf of appellee paid to him by appellant pursuant to this garnishment. No order of court directing this payment of money by appellant was necessary. By section 223 of the Civil Code, a garnishee may pay the money owing to the defendant by him to the sheriff having in his hands the order of attachment or into court. Appellant paid it into court and, having done so, it is absolved from liability to appellee for the amount thus paid into court by it. It is immaterial, so far as appellant is concerned, what became of the money after it was paid in. If the money was not properly accounted for by the clerk, appellee might possibly have an action against the clerk on his bond for the money. But appellant is not concerned with that feature of the case; having paid the money into court according to law, it is discharged. We are therefore of the opinion that, as to this item of $152.25, the trial court should have directed a verdict in appellant's behalf.

For the reasons given, the motion for the appeal is sustained and the appeal is granted. The judgment is reversed with directions to grant the appellant a new trial and for further proceedings consistent with this opinion.