## Horn v. Green.

Feb. 22, 1944.

Joe P. Tackett for appellant.

Combs & Combs for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER
—Affirming.

The petition was filed by appellant, under Subsection 7 of Section 518 of the Civil Code of Practice, seeking to set aside a judgment entered at the May, 1942, term of the Floyd Circuit Court, and asking that he be granted a new trial, in an action in which appellee was the plaintiff and appellant was the defendant. Section 518, in so far as pertinent, recites:

"The court in which a judgment has been rendered shall have power, after the expiration of the term, to vacate or modify it— * * *

"7. For unavoidable casualty or misfortune, preventing the party from appearing or defending."

The record in the original action was referred to in the petition, but was not filed with, copied in, or made part of the petition; and the only part of the record of the original action which has been brought to this Court is the judgment, which the petition seeks to set aside. It is alleged that, because of the illness of the attorney for the petitioner, who was defendant in the original action, the case was submitted for judgment without the petitioner having been given an opportunity to properly prepare his defense. By amendment, the petitioner alleged that depositions taken by him as defendant in the original action were blown away by a hurricane previous to the submission of the case, and that the court did not have the benefit of the evidence contained in the depositions at the time of the trial. The Chancellor sustained a demurrer to, and, upon the petitioner's failure to amend further, dismissed, the petition as amended.

The petition fails to allege the character of the evidence contained in the depositions, which it is alleged he should have the right to retake, and fails to allege any fact from which the court could determine whether, if proven, the petitioner would have a valid de-

716

fense to the action. Section 520 of the Civil Code of Practice provides:

"The proceedings to vacate or modify the judgment on the grounds mentioned in subsections 4, 5, 6, 7 and 8, of section 518, shall be by petition verified by affidavit, setting forth the judgment, the grounds to vacate or modify it, and the defense to the action if the party applying was defendant. On the petition the proceedings shall be the same as those in the action in which the judgment was rendered."

In Noe v. Davis, 171 Ky. 482, 188 S. W. 457, 458, it is said:

"In the petition of a defendant for a new trial, after setting out the cause of action against him fully, so that the court can determine when a valid defense to it is stated, the petition must then set out facts which will constitute a valid defense to the cause of action for which the judgment complained of was rendered." See also Johnson v. Gernert Bros. Lumber Co., 255 Ky. 734, 75 S. W. (2d) 357, 358, and cases therein cited; and Parsons v. Black Mountain Corporation, 269 Ky. 459, 107 S. W. (2d) 310, 311. Since the petition contains no averment from which the court can conclude that the petitioner would have a valid defense to the action if his prayer to vacate the judgment should be sustained, the court properly sustained a demurrer to the petition as amended.

Wherefore, the judgment is affirmed.