## Wood v. Wood et al.

Nov. 16, 1945.

E. E. Barton and A. H. Barker for appellant.

H. B. Best for appellees.

OPINION OF THE COURT BY JUDGE SIMS—Affirming.

The appellant, Mary Irene Wood, brought this action under section 518, subsection 7, Civil Code of Practice, for a new trial on the ground of unavoidable casualty or misfortune which prevented her from properly prosecuting a cause of action wherein she sought to set aside an order probating the will of John C. Wood. A general demurrer was sustained to her petition, she declined to plead further and prosecutes this appeal from the judgment dismissing the petition.

By reference in the petition the record in the original action was made a part of the record in this action but no part of it was copied and it is not now before us. Also, reference was made to the original judgment as being copied in the petition for a new trial; however, as a fact it was not so copied and is not here.

The petition avers that a short time before the original trial appellant received a serious injury to her spine and was unable to follow her usual occupation and was under the care of a physician; that on the day of the trial she was ill from the effects of the injury, but being anxious to get over with the trial and believing she was able to go through with it, she insisted upon proceeding with the trial; that soon after taking the witness stand in her own behalf she became worse and was unable to give to the jury "a full account of her cause of action * * * to comprehend the proceedings * * * and was unable to advise her counsel concerning same."

In support of her petition for a new trial appellant filed the affidavit of her physician which merely states he saw Miss Wood on January 25, 1944, and he believes she was not in condition to go through an important trial; that he saw her a few days later, on January 29, and her condition had become worse. Miss Wood's affidavit in effect contained the same averments as her petition. The first trial was had on January 26, 1944.

Subsection 7 of section 518, Civil Code of Practice, authorizes the trial court to vacate or modify a judg-

ment after term where unavoidable casualty or misfortune prevents a party from prosecuting or defending an action. Section 520 provides that the petition filed under subsection 7 of section 518 should set forth the judgment and the grounds relied on to vacate or modify it, and the defense to the action if the party applying for the new trial was defended. Where the party filing the petition was plaintiff in the original action, it is necessary that the cause of action be set out in the petition, just as the defendant is required to set out a defense. Section 521 declares no judgment shall be vacated until it is adjudged that there is a valid defense or a valid cause of action.

Applying these code provisions to appellant's petition for a new trial, it is evident the same is bad on demurrer. First, she did not allege a casualty or misfortune prevented her from prosecuting her case; on the contrary, the petition avers "she insisted upon proceeding with the trial." The petition does not aver that after she became ill during the trial she made that fact known to the court or asked that the jury be discharged and the case continued. When ill, one may not keep that fact from the court, insist upon a trial and then in the face of an adverse decision obtain a new trial on the ground of casualty or misfortune on account of illness. Jones v. Gardner, 262 Ky. 812, 91 S. W. 2d 520. Second, the petition did not set forth the judgment to be vacated. Third, no fact was alleged in the petition from which this court can conclude that Miss Wood had a cause of action in the event the original judgment was set aside; therefore, the court properly sustained a demurrer to her petition. Horn v. Green, 296 Ky. 714, 178 S. W. 2d 430. Fourth, nor did the petition aver what facts Miss Wood omitted from her testimony on the original trial by reason of her illness. Her petition for a new trial pleaded conclusions rather than facts and was bad on demurrer. Cahill v. Mullins, 101 S. W. 336, 31 Ky. Law Rep. 72; Asher v. Kentucky River Timber & Coal Co., 177 Ky. 774, 198 S. W. 205.

Judgment is affirmed.