**AMERICAN STATES INSURANCE COMPANY, Appellant,**

v.

**CITIZENS FIDELITY BANK & TRUST COMPANY, Appellee.**

Court of Appeals of Kentucky.

Oct. 7, 1983.

Discretionary Review Denied
Feb. 8, 1984.

William S. Wetterer, Jr., Louisville, for appellant.

Kenneth H. Baker, Baker & Scroghan, Louisville, for appellee.

Before HOWARD, HOWERTON and DUNN, JJ.

DUNN, Judge.

This appeal is from the summary judgment of the Jefferson Circuit Court dismissing with prejudice the counterclaim of appellant, American States Insurance Company, against Citizens Fidelity Bank and Trust Company, appellee.

This case involves estate funds in which the appellee, Citizens Fidelity Bank and Trust Company, sued to collect money from the estate or its administrator's surety. The surety, American States Insurance Company, the appellant, counterclaimed against the bank for paying out estate funds under a garnishment. It is from the trial court's summary judgment dismissing with prejudice the appellant insurance company's counterclaim that this appeal is taken.

The estate account with the appellee bank was in the name of Robert L. Alexander, Administrator of the estate of Robert E. Alexander. An order of garnishment was issued by the Jefferson Circuit Court on the bank, as garnishee, as a result of a summary judgment in favor of Dorothy G. Alexander, the administrator's mother, against the estate in an action for delinquent maintenance payments from the decedent due to her pursuant to a divorce decree.

In that suit the administrator admitted by answer that the claim was a valid debt due from the decedent, his father, to Dorothy Alexander. Consequently, summary judgment [sic] was entered against the estate. As indicated on the order of garnishment, the amount due her on the judgment plus interest was $125,750.00. As a result of the order of attachment, the bank paid $111,039.07 directly to the attorney for Dorothy G. Alexander, completely depleting the estate's liquid assets.

The bank subsequently sued the administrator and the appellant insurance company for $9,583.32, the balance due it from the estate on a note for which a claim had been duly filed with the estate. It alleged that the administrator breached his fiduciary duties and was negligent and careless in protecting the interests of the estate's creditors by permitting the summary judgment against the estate and the resultant attach-

ment of its funds. It further alleged he thereby permitted Dorothy G. Alexander to obtain a larger share of the estate than allowed to her by law.

The appellant insurance company in its counterclaim against the bank claimed the estate account was not subject to garnishment and that payment by the bank pursuant to the garnishment was, therefore, no defense to its claim for any amount it, as surety, was required to pay on the bank's claim.

The parties agree, and we hold, that in the absence of statutory permission, attachment or garnishment proceedings will not, at the instance of a creditor of a decedent or of a decedent's estate, lie against an administrator or an executor to reach property or debts of the decedent, at least prior to an order of distribution. 6 Am.Jur.2d, *Attachment and Garnishment,* § 215 (1963). *See also* Annot., 60 A.L.R.3rd 1301 (1974). One creditor ought not to be allowed to obtain, by attachment, priority over another after the death of the debtor. *Id.* Kentucky has no such statutory permission.

This proposition directs us to the issue on appeal. Even though the estate's funds were exempt from attachment, was the bank, as the garnishee, absolved from liability because payment of the funds to the estate's judgment creditor was pursuant to the circuit court order of attachment? We hold that it was.

One is privileged to commit acts which would otherwise be a trespass to personal property or a conversion when the act is pursuant to a court order which is valid or fair on its face. The order to be valid or fair on its face must meet three requirements: (1) it must be regular in form, (2) it must be issued by a court having authority to issue the particular order and having jurisdiction over the personal property described in it, and (3) all proceedings required for its proper issuance must have duly taken place. When a person in possession of the property of another surrenders it to a third person pursuant to such a court order, the surrender is privileged and does not in itself result in any liability. However, the person who surrenders the property is under a duty to exercise reasonable care to give timely notice to the owner of the property, so that the owner may have the opportunity to protect his interests. If such notice is not given, and harm results to the interest of the owner, there may be liability for negligence for the full value, if the owner is fully deprived of it by the failure to give timely notice, or for less for the expense of recovering it. Restatement (Second) of Torts, § 266 (1965). *See also Black Mountain Corporation v. Parsons,* 277 Ky. 486, 126 S.W.2d 874 (1939).

Here, all of the above criteria with respect to the order of garnishment in question were met. The bank paid the money to the attorney for the party on whose behalf the order was issued, as provided in the order and in CR 69.02(2).

Even though the appellant insurance company takes exception to the trial court's finding that the administrator received notice of the garnishment before the money was paid out, it takes no exception to the finding that the bank delivered a copy of the garnishment order to the administrator as required by the order of garnishment. This is all the above cited principle requires with respect to notice to absolve the bank from liability.

We find no merit to appellant's argument that the bank should have interpleaded as provided for in CR 22 or paid the money into court. It was under no obligation to do either. On the other hand, the administrator had the duty not only to protect the interests of the creditors in the attachment, an ancillary matter to the suit against the estate by his mother, but also to defend the basic action. He did neither. The duty to do so was his, not the bank's.

There is no material issue of fact that requires resolution.

The summary judgment of the Jefferson Circuit Court is AFFIRMED.

All concur.