CENTRAL SUPPLY OF VIRGINIA, INC., Appellant,

v.

COMMONWEALTH LIFE INSURANCE COMPANY and Homer Osborne, Appellees.

No. 88–CA–1373–MR.

Court of Appeals of Kentucky.

April 13, 1990.

Ralph Hoskins, Corbin, for appellant.

John Harlan Callis, III, Boehl, Stopher, Graves & Deindoerfer, Prestonsburg, Betty J. Morton, Com. Life Ins. Co., Louisville, for Com. Life Ins. Co.

**274**

Homer Osborne, Bypro, pro se.

Before HOWARD, STUMBO, and WILHOIT, JJ.

WILHOIT, Judge.

The appellant, Central Supply Company of Virginia, obtained a judgment against the appellee Homer Osborne in November 1987. The appellant attempted in March 1988 to garnish the cash surrender value of a life insurance policy issued by the appellee Commonwealth Life Insurance Company on Mr. Osborne. Mr. Osborne did not claim any exemption; however, the insurer resisted the garnishment claiming as exempt the cash surrender value of the policy. On the appellant's motion for summary judgment, the circuit court held that the insurer as garnishee may claim an exemption of the debtor and that the cash surrender value of a life insurance policy is exempt. This appeal followed.

We need not reach the issue of whether the cash surrender value of a life insurance policy, where the insured has not exercised its option, is exempt because the circuit court incorrectly determined that the garnishee had standing to claim an exemption of the debtor. The rule in Kentucky has long been that an exemption may be claimed only by the debtor and not by another for his benefit. *See Holbrook v. Fyffe*, 164 Ky. 435, 175 S.W. 977, 979 (1915). We find nothing in the statutory scheme which would overrule the holding of *Holbrook*.[1]

The judgment debtor is given notice of the garnishment proceedings. The garnishee is directed to serve a copy of the order of garnishment on the judgment debtor. KRS 425.501(3). The judgment debtor has the opportunity to appear and claim an exemption. KRS 425.501(4). After finding the garnishee is indebted to, or holds property of, the judgment debtor and the property or debt is not exempt, the court "shall order the property or proceeds of the debt applied upon the judgment." KRS 425.501(5). The garnishee is dis-

charged from liability to the judgment debtor upon compliance with the order of garnishment. KRS 425.516. The statutes do not confer standing on the garnishee to claim an exemption of the judgment debtor.

The circuit court judgment is reversed and this action is remanded for proceedings consistent with this opinion.

All concur.

---

1. The rule in the majority of jurisdictions is that a garnishee may assert a statutory exemption of the debtor. *See* 6 Am.Jur.2d *Attachment and Garnishment* § 363 (1963). Nevertheless, we are bound to follow precedent. SCR 1.030(8)(a).