Shelley NETHERWOOD; Raymond Netherwood; and Alma Netherwood, Appellants

v.

FIFTH THIRD BANK, INC., and Elaine Kennedy Nessler, Appellees

NO. 2015-CA-001533-MR

Court of Appeals of Kentucky.

MARCH 10, 2017; 10:00 A.M.

BRIEFS FOR APPELLANTS: Michael W. McClain, Louisville, Kentucky.

BRIEF FOR APPELLEE, FIFTH THIRD BANK: J. Tanner Watkins, Daniel J. O'Gara, Louisville, Kentucky.

BEFORE: DIXON, J. LAMBERT, AND MAZE, JUDGES.

## OPINION

LAMBERT, J., JUDGE:

Shelley Netherwood, Raymond Netherwood, and Alma Netherwood (collectively, the Netherwoods) have appealed from the September 11, 2015, opinion and order of the Jefferson Circuit Court dismissing their claims against Fifth Third Bank related to a garnishment on their bank accounts. Having considered the record and the parties' arguments in their respective briefs, we affirm.

By way of background, Shelley and Raymond are married, and Alma is Shelley's mother. They all live in Florida. Elaine Kennedy Nessler is a real estate agent, and as a result of a dispute over a commission on property in Kentucky she sold for Shelley, Nessler obtained a judgment against her in the amount of $115,000.00 from the Jefferson Circuit Court in January 2012. *See Netherwood v. Kennedy*, 2015 WL 866319 (2012-CA-001510-MR) (Ky. App. Feb. 27, 2015). In August 2012, in order to collect the judgment, Nessler sought and obtained a garnishment on bank accounts Shelley held at Fifth Third. The AOC-150.1 Order of Garnishment (non-wage) issued by the circuit court stated as follows:

If you hold property belonging to, or are indebted to, the judgment debtor named above [Shelley Netherwood], you are hereby ORDERED to hold and safely keep all of the property of the judgment debtor necessary to satisfy the amounts due as shown above. The object of the Order is to restrain you from paying to the judgment debtor, or to anyone for him/her, money or property in your possession belonging to him/her or in which he/she has any interest.

YOU ARE HEREBY SUMMONED AND REQUIRED TO DO THE FOLLOWING:

(1) Fill in the GARNISHEE'S DATE OF RECEIPT in the space provided above on all copies;

(2) Hold and safely keep any funds or property due the judgment debtor to the extent of the amount due above plus costs until further order of the court or as directed below;

(3) Promptly attempt to notify the judgment debtor by mailing a copy of this order to his/her last known address or by delivering it to him/her;

(4) If after the expiration of fourteen (14) days from your receipt of this order, there has been no further notice from the court, then do the following:

(a) Answer as garnishee within twenty (20) days of the receipt of

this order (You may use the form on the reverse side); and

(b) Forward to the Attorney named below the amount of money or property withheld from the judgment debtor, together with one copy of this order and your answer; and

(c) Send the original of your answer and this order to the court.

The form included a legal notice to the judgment debtor at the end of the page:

Money or property belonging to you has been subjected to a garnishment under a judgment entered against you in this case. Some funds may be exempt from garnishment, including individual income tax refunds, Social Security benefits, workers compensation benefits, unemployment insurance benefits, public assistance/TANF, and some types of governmental benefits payments; however, you must claim and prove any applicable exemption.

If you can show that the property garnished by this order consists of exempt funds, then you may immediately request a hearing in the court listed above by filing a sworn written request with the Clerk of the Court within ten (10) days of the Garnishee's Date of Receipt noted above. Your notarized written request for a hearing must be on an Affidavit Form AOC-150.2, which is to be obtained from the Clerk of the Court from which this Order issued.

If a hearing is requested, the Clerk of the Court will notify plaintiff and defendant of the time and place, and issue the court's order for the garnishee to continue to hold the funds pending the outcome of the hearing.

In September 2012, Fifth Third issued a check to Nessler's attorney in the amount of $29,508.45.

On December 11, 2014, the Netherwoods filed a complaint in Jefferson Circuit Court against Fifth Third and Nessler. They alleged that Shelley and Ray had a joint bank account with Fifth Third that they opened in Marco Island, Florida, in 2011, and that Shelley was a signatory on a Fifth Third account owed by Alma. Alma's account included exempt social security payments and IRA proceeds. Shelley alleged that Fifth Third failed to mail a copy of the garnishment order to her and that she therefore did not have notice of the garnishment or the opportunity to assert any exemptions. Against Nessler, the Netherwoods alleged (1) abuse of process for causing the garnishment to be issued against Fifth Third in Jefferson County when the judgment had not been domesticated in Florida and (2) conversion for seizing $8,980.89 in funds owned by Ray and $20,502.59 in exempt retirement funds owned by Alma. It appears that these causes of action were addressed to Ray and Alma. Against Fifth Third, the Netherwoods alleged negligence and/or gross negligence for failing to forward a copy of the Order of Garnishment to them when it had actual and constructive knowledge that Alma's account contained exempt funds and that Ray and Shelley's account was held as a tenancy by the entireties and was not subject to garnishment. They claimed to have incurred actual damages from the improper garnishment. In addition, the Netherwoods sought punitive damages from both Nessler and Fifth Third. The record reflects that Nessler was served through the Office of the Secretary of State, but the copy of the summons and complaint were returned as undelivered. She has apparently never been served.

In lieu of filing an answer, Fifth Third moved the circuit court to dismiss the Netherwoods' complaint pursuant to Kentucky Rules of Civil Procedure (CR) 12.02.

Fifth Third argued that because it garnished the Netherwoods' accounts pursuant to a valid order and provided proper notice to Shelley, there was no cognizable claim for damages as a matter of law. Fifth Third disputed Shelley's claim that she did not have notice of the garnishment, stating that it had sent a written notice to her on August 24, 2012, including the pertinent information. The letter included the account numbers and provided in relevant part as follows:

Dear Customer:

Fifth Third Bank has received and processed a garnishment, tax levy or similar order against your account. This is a legal order obligating Fifth Third to send funds to the court or agency named in the order in relation to a debt claimed by a third party against you or your company....

Please direct all questions relating to the validity of the debt or obtaining a release of these funds to the creditor or court indicated below, or to your personal counsel. If you obtain an Order or Notice of Release directing Fifth Third to release some or all of the attached funds, please bring it to your local Banking Center immediately, or fax it to (513) 358-1279.

 Creditor Name: ELAINE KENNEDY NESSLER

 Representative: LAURA A. LANDENWICH

 Phone Number: ...

 Court/Agency: JEFFERSON CIRCUIT

 Case Number: 05CI10493

 Order Amount: $216,635.44

As a valued Fifth Third customer, we thank you for choosing to bank with us and look forward to continuing to serve your financial needs. If you have any further questions, please contact your local Banking Center, or you may call a Customer Service Professional at 800-972-3030, Monday through Friday, 7:00 a.m. to midnight or Saturday and Sunday, 8:00 a.m. to 5:00 p.m. ET.

Shelley sent a letter to Fifth Third on August 28, 2012, in response to the August 24th notice stating that she had received the notice and that she was providing Fifth Third with exemption information. The letter read as follows:

Dear Mr. Moore:

I am in receipt of a "Notice of Garnishment" from you, dated August 24, 2012. As a Florida resident, with Florida opened and based Fifth Third accounts, you are hereby being notified that Fifth Third has violated my rights as a Florida resident and compromised the integrity of Fifth Third's banking operations. The result is injury to me and to others, and makes Fifth Third liable for a disregard of what should be well established (and legally required) procedures.

I am providing for your information the procedure that must be followed by the creditor in this case. (Exhibit 1).

I am also providing for your information the exemptions to which I am entitled relating to a garnishment action. An end run, by the creditor, on a case which is currently under appellate review, would also seem to be fraudulent. (Exhibit 2). Finally, for your information, the majority of the monies illegally seized by Fifth Third were my 85 year-old mother's Social Security and 401k funds (just deposited) ... which is easily verifiable. I was recently added to her account to assist her while she was hospitalized and during a six week out-patient treatment course, also easily verifiable.

The foregoing shows "WHY" a centralized approach to processing a garnishment is inappropriate, and why Florida and many other states require judg-

ments to be domesticated ... to protect against errors and secure rights/exemptions afforded to residents.

I expect Fifth Third to reverse the transactions, and provide a reimbursement check to my personal banker, Sue Itayem, at your Marco Island, FL, branch within five (5) business days. Please, then advise the Creditor to "follow the law."[1]

However, Shelley did not obtain an Order or Notice of Release related to the funds she claimed were exempt from garnishment. Therefore, Fifth Third garnished the funds in the accounts on September 6, 2012. As a result of the garnishment, Raymond and Alma filed a lawsuit in Florida against Fifth Third and Nessler. The complaint was amended several times, and Shelley was added as a party to complain that she had never received a copy of the garnishment. The lawsuit was dismissed in September 2014 for failure to plead a claim for negligence against Fifth Third for which relief could be granted.

Fifth Third stated that the allegations in the current complaint were "nearly identical" to the dismissed third amended complaint in the Florida action. Fifth Third cited to this Court's unpublished opinion of *Branch Banking Trust Co. v. Bartley,* 2006 WL 1113632 (No. 2004-CA-002663-MR) (Ky. App. Apr. 28, 2006), in support of its argument that it was not liable to the Netherwoods because it had acted appropriately.

In response, the Netherwoods argued that Fifth Third failed to send a copy of the garnishment order to Shelley as it was required to do. The notice Fifth Third sent was insufficient. In a light most favorable to them, the Netherwoods argued that

they had asserted sufficient facts to defeat a CR 12.02 motion to dismiss. In reply, Fifth Third pointed out that Shelley failed to file a formal objection to the garnishment order, and her response to Fifth Third's notice letter made it clear that she understood that she may be entitled to exemptions.

The circuit court entered an opinion and order on September 11, 2015, granting Fifth Third's motion to dismiss, citing to *Bartley, supra.* The court held that the garnishment order was facially valid and that Fifth Third had sufficiently notified Shelley of the garnishment. This appeal now follows.

 On appeal, the Netherwoods contend that the circuit court failed to properly apply the standard for a motion to dismiss and that they had alleged sufficient facts to defeat the motion to dismiss. CR 12.02 provides, in relevant part, as follows:

Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: ... (f) failure to state a claim upon which relief can be granted.... If, on a motion asserting the defense that the pleading fails to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to pres-

---

1. Both Fifth Third's August 24th letter and Shelley's August 28th letter were attached to the Netherwoods' third amended complaint filed in the Florida action; the third amended complaint was attached as Exhibit 2 to Fifth Third's memorandum in support of its motion to dismiss.

ent all material made pertinent to such a motion by Rule 56.

"The court should not grant the motion unless it appears the pleading party would not be entitled to relief under any set of facts which could be proved in support of his claim." *Pari-Mutuel Clerks' Union of Kentucky, Local 541, SEIU, AFL-CIO v. Kentucky Jockey Club*, 551 S.W.2d 801, 803 (Ky. 1977). The procedure for deciding a motion to dismiss and reviewing a ruling on a motion to dismiss is set forth in *Littleton v. Plybon*, 395 S.W.3d 505, 507 (Ky. App. 2012):

> "It is well settled in this jurisdiction when considering a motion to dismiss under [Kentucky Rules of Civil Procedure (CR) 12.02], that the pleadings should be liberally construed in a light most favorable to the plaintiff and all allegations taken in the complaint to be true." *Mims v. Western–Southern Agency, Inc.*, 226 S.W.3d 833, 835 (Ky. App. 2007) (citing *Gall v. Scroggy*, 725 S.W.2d 867, 869 (Ky. App. 1987)). "Since a motion to dismiss for failure to state a claim upon which relief may be granted is a pure question of law, a reviewing court owes no deference to a trial court's determination; instead, an appellate court reviews the issue *de novo.*" *Fox v. Grayson*, 317 S.W.3d 1, 7 (Ky. 2010) (citing *Morgan v. Bird*, 289 S.W.3d 222, 226 (Ky. App. 2009)). [Footnote omitted.]

Fifth Third contends that the circuit court properly considered public records when it ruled on the motion to dismiss and that these considerations did not convert the motion into a summary judgment motion. These public records consisted of the docket sheet from the earlier action Nessler filed to collect her commission, which established that Shelley had counsel in that action, and pleadings from the Florida action, including the third amended complaint. The third amended complaint in-

cluded as attachments the August 24, 2012, letter from Fifth Third and Shelley's August 28, 2012, letter in response.

■ Generally, a trial court's reliance on matters outside of the pleadings converts a motion to dismiss to a motion for summary judgment:

> Although the trial court styled its order as one granting the Board's motion to dismiss, it appears that the order actually granted summary judgment because the trial court's order did not recite that it had excluded the exhibits attached to Baker's response to the Board's motion to dismiss (which consisted of portions of the record in Baker's previously decided federal action). *See, e.g., Vigue v. Underwood*, 139 S.W.3d 168, 169–170 (Ky. App. 2004). ("Since the trial court apparently considered matters outside of the pleadings ... in arriving at its decision to dismiss Vigue's petition for declaration of rights, we must treat the ruling as a summary judgment.")

*Baker v. Campbell Cty. Bd. of Educ.*, 180 S.W.3d 479, 480 n.1 (Ky. App. 2005). Fifth Third, however, directs our attention to *Dean v. Louisville Metro Police Dep't*, No. 3:09CV-P244-S, 2010 WL 3341111, at *3 n.1 (W.D. Ky. Aug. 20, 2010):

> The examination of this public record does not convert the motion to dismiss into one for summary judgment. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) ("When a court is presented with a Rule 12(b)(6) motion [failure to state a claim upon which relief can be granted], it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein.").

Here, the records the circuit court relied upon were attached to the Netherwoods' pleading in the Florida action, and this pleading was attached to Fifth Third's motion to dismiss. These documents are central to the claims in the Netherwoods' complaint. Thus, the records are subject to consideration without having to convert the motion under review to a summary judgment motion. Accordingly, we shall review this matter under the standard for a CR 12.02 motion to dismiss.

■ The Netherwoods first argue that the circuit court applied an incorrect standard because it addressed factual issues and made conclusions based upon facts not in the record. To the contrary, the circuit court relied only upon the information attached to the pleadings, including documents attached to the third amended complaint in the Florida action filed by the Netherwoods. The court did not go outside of the record to reach any of its conclusions, and we presume that at the oral argument on this motion, which was not included in the certified record, Shelley's counsel is the source of the allegation that Shelley did not intend to use the funds from her mother's account for herself.

The circuit court relied upon the unpublished opinion of *Bartley, supra*,[2] in which this Court observed: "This Court has held that a bank was not liable for garnishing funds that were exempt from attachment where the bank was acting subject to a facially valid court order and where the bank gave the owner of the funds sufficient notice of the pending garnishment to take steps to protect his own interests." *Bartley*, 2006 WL 1113632 at *3. In support of this statement of the law, the *Bartley*

Court cited to *Am. States Ins. Co. v. Citizens Fid. Bank & Trust Co.*, 662 S.W.2d 851, 853 (Ky. App. 1983), which instructed:

One is privileged to commit acts which would otherwise be a trespass to personal property or a conversion when the act is pursuant to a court order which is valid or fair on its face. The order to be valid or fair on its face must meet three requirements: (1) it must be regular in form, (2) it must be issued by a court having authority to issue the particular order and having jurisdiction over the personal property described in it, and (3) all proceedings required for its proper issuance must have duly taken place. When a person in possession of the property of another surrenders it to a third person pursuant to such a court order, the surrender is privileged and does not in itself result in any liability. However, the person who surrenders the property is under a duty to exercise reasonable care to give timely notice to the owner of the property, so that the owner may have the opportunity to protect his interests. If such notice is not given, and harm results to the interest of the owner, there may be liability for negligence for the full value, if the owner is fully deprived of it by the failure to give timely notice, or for less for the expense of recovering it. Restatement (Second) of Torts, § 266 (1965). *See also Black Mountain Corporation v. Parsons*, 277 Ky. 486, 126 S.W.2d 874 (1939).

The Netherwoods rely upon KRS 425.501(3), which states that "[t]he order of garnishment shall be served on the persons named as garnishees, and in addition

---

**2.** Pursuant to CR 76.28(4)(c), "[o]pinions that are not to be published shall not be cited or used as binding precedent in any other case in any court of this state; however, unpublished Kentucky appellate decisions, rendered after January 1, 2003, may be cited for consideration by the court if there is no published opinion that would adequately address the issue before the court."

a copy thereof shall be delivered by the garnishee to the judgment debtor or mailed to him at his last known address[.]" [3] The Netherwoods also point out that garnishment procedures changed in 1983, as explained in Thomas L. Canary, Jr, *Ky. Collections*, § 11:1 (2016 ed.):

Beginning in the latter part of 1983, the Administrative Office of the Courts began distributing two garnishment forms, one for wages and one for all other forms of assets.

The purpose behind the change was to advise judgment debtors whose assets have been garnished that they may have exemption rights in those funds. For example, a bank account garnished may contain direct deposit social security payments. The bank must forward a copy of the garnishment to the debtor and freeze the account until such time as the debtor has had an opportunity to assert by affidavit in the clerk's office what exemptions he or she may be claiming. (Footnotes omitted)

We must agree with Fifth Third that the circuit court did not err in applying Kentucky law in this case to hold that the August 21, 2012, garnishment order was both facially valid and that Shelley had sufficient notice of the garnishment to protect her interests pursuant to *Bartley, supra*, and *American States Insurance Co., supra*. There does not appear to be any dispute that the garnishment order itself was facially valid and therefore met the first prong of the test. At issue is whether Shelley had sufficient notice. We hold that she did.

Fifth Third notified Shelley of the pending garnishment on August 24, 2012. While Fifth Third admittedly did not include the AOC-150-1 form in its correspondence, Shelley certainly received Fifth Third's notice based upon her responsive letter dated August 28, 2012, in which she detailed her knowledge of the collection process and garnishment proceedings in particular. She even provided information about the exemptions to which she believed she was entitled. While the garnishment notice included information about possible exemptions and how to raise those claims, information that was not in Fifth Third's letter, Shelley certainly had knowledge of the available exemptions and attempted to assert her claim. However, she did not follow the instructions set forth in Fifth Third's letter: "Please direct all questions relating to the validity of the debt or obtaining a release of these funds to the creditor or court indicated below, or to your personal counsel. If you obtain an Order or Notice of Release directing Fifth Third to release some or all of the attached funds, please bring it to your local Banking Center immediately, or fax it to (513) 358-1279." Rather, Shelley wrote a letter to Fifth Third. That Shelley chose to disregard the contents of the letter providing direction on how to contest the garnishment does not make Fifth Third's notification insufficient.

Because Shelley had actual knowledge of the pending garnishment and expressed her knowledge that she could claim exemptions from the garnishment, we hold that the Netherwoods have failed to establish that the circuit court erred as a matter of law in concluding that Fifth Third acted properly in complying with the terms of the garnishment order.

 For their second argument, the Netherwoods contend that they alleged sufficient facts supporting their negligence claim to survive the motion to dismiss. In order to prove a negligence claim, a plain-

---

**3.** The Netherwoods sufficiently preserved this issue below by arguing that Shelley did not receive proper notice of the garnishment from Fifth Third.

tiff must establish: "(1) a duty on the part of the defendant; (2) a breach of that duty; and (3) consequent injury." *Mullins v. Commonwealth Life Ins. Co.*, 839 S.W.2d 245, 247 (Ky. 1992). The Netherwoods argue that Fifth Third had a duty to forward a copy of the garnishment order to Shelley and breached that duty by failing to do so, which caused them to be injured. We must agree with Fifth Third that the Netherwoods failed to establish that they were injured because Fifth Third properly garnished the funds in the accounts. Shelley was on both accounts either as a joint account holder or as a signatory, and she had been sufficiently notified about the valid garnishment order. Therefore, the Netherwoods cannot establish a negligence claim as a matter of law.

For the foregoing reasons, the opinion and order of the Jefferson Circuit Court is affirmed.

ALL CONCUR.