RENDERED:  FEBRUARY 20, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-1061-MR

NYCEA E. ELDER																APPELLANT


APPEAL FROM JEFFERSON CIRCUIT COURT
v.			HONORABLE ERIC JOSEPH HANER, JUDGE
ACTION NO. 25-CI-003147


ADMINISTRATIVE OFFICE OF THE
COURTS KENTUCKY																APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  COMBS, EASTON, AND ECKERLE, JUDGES.

COMBS, JUDGE:  Nycea Elder, a former probationary employee of the Administrative Office of the Courts (AOC), appeals an order of the Jefferson Circuit Court that dismissed her petition seeking review of an opinion of the Attorney General and a declaratory judgment ordering AOC to produce a recording that she sought.  After our review, we affirm.

On February 20, 2025, Elder participated in a meeting with the Department of Specialty Courts. The meeting was conducted by means of Microsoft Teams and was recorded. Several days later, following her termination, Elder requested a copy of the recording. AOC denied that request by letter dated March 7, 2025, citing provisions of its Open Records Policy. AOC explained to Elder that if she disagreed with its decision, her remedy was to request reconsideration by the Chief Justice of the Supreme Court of Kentucky within 30 days. Elder timely did so on March 11, 2025. However, her request for the recording to be produced was denied -- as was her request for reconsideration of the Chief Justice's decision.

Despite the well established authority of the Kentucky Court of Justice to manage its records, Elder also appealed to the Attorney General. On April 15, 2025, the Attorney General's office dismissed Elder's appeal, explaining that AOC is not subject to provisions of Kentucky's Open Records Act, KRS[1] 61.870-61.884. The Attorney General's office reiterated that Elder's sole remedy was with the Supreme Court of Kentucky.

Elder continued to seek relief. She filed a petition in the Jefferson Circuit Court seeking both review of the Attorney General's decision to dismiss her appeal as well as an order entered pursuant to our Declaratory Judgment Act,

---

[1] Kentucky Revised Statutes.

KRS 418.040, requiring AOC to produce the recording that she sought. Elder filed a separate civil action against AOC in Jefferson Circuit Court alleging wrongful termination and another lawsuit against AOC in federal district court.

The Jefferson Circuit Court soon dismissed Elder's petition. The court observed that the Kentucky Constitution confers exclusive custody and control of its records upon the Kentucky Court of Justice. This appeal followed.

On appeal, Elder argues that the circuit court erred by dismissing her petition for review of the Attorney General's decision and her petition for a declaratory judgment ordering AOC to produce the recording. We disagree.

Provisions of the Kentucky Rules of Civil Procedure (CR) authorize a court to dismiss a complaint or any part of it for failure to state a claim for which relief can be granted. CR 12.02(f). In order for such a dismissal to be granted, it must appear to a certainty that the claimant would not be entitled to relief under **any** set of facts that could be proven in support of the claim. *Pari-Mutuel Clerks' Union of Ky., Local 541, SEIU, AFL-CIO v. Ky. Jockey Club*, 551 S.W.2d 801, 803 (Ky. 1977).

A motion to dismiss for failure to state a claim upon which relief may be granted presents a question of law. *Fox v. Grayson*, 317 S.W.3d 1, 7 (Ky. 2010) (citing *Morgan v. Bird*, 289 S.W.3d 222, 226 (Ky. App. 2009)). Therefore, we grant no deference to a trial court's determination upon review. *Id.* Instead, we

must review the matter *de novo.* *Netherwood v. Fifth Third Bank, Inc.*, 514 S.W.3d 558, 562-63 (Ky. App. 2017).

Provisions of Kentucky's Constitution recognize the authority of the Supreme Court of Kentucky to exercise and manage control of the Court of Justice. KY. CONST., Section 110. Our Supreme Court exercises exclusive supervisory and policy-making authority over the judicial branch of government. *Id.* Moreover, the Chief Justice is authorized to appoint such administrative assistants as she deems necessary. *Id.* AOC serves as the staff of the Chief Justice in executing the policies and programs of the Court of Justice. *Ex parte Farley*, 570 S.W.2d 617, 620 (Ky. 1978). AOC's director and employes are part and parcel of the judicial branch and are inseparable from the office of the Chief Justice. *Id.* In *Ex parte Farley*, *supra*, the Kentucky Supreme Court held that:

> except for matters in which the United States Supreme Court has the right of review over the judgments of this court, the jurisdiction to hear and determine any cause that has as its ultimate objective a judgment declaring what this court must do or not do is vested exclusively in this court. . . .

570 S.W.2d at 622. The Kentucky Supreme Court is not subject to the authority of the circuit court or any other court of this state. *Id.* "The Circuit Court can have no more jurisdiction to issue a declaratory judgment than to issue a writ of mandamus or prohibition against this court or against its members and administrative staff in their official capacities." *Ex parte Farley*, *supra*, 570

-4-

S.W.2d at 622. Moreover, the custody and control of records generated by the courts in the course of their work are inseparable from the judicial function itself and are not subject to statutory regulation. *Id.* at 624.

When "someone who wants something from the Supreme Court asks for it and is denied . . . [t]he denial is final because there is nowhere else to go." *Id*. at 622. "Regrettable as it may be, all things mortal are destined to end at some time and at some place, some without further appeal and some without any appeal at all." *Id.*

Elder's request was denied by the Chief Justice; that decision was then upheld by a panel of the entire court. The denial was final. The circuit court did not err by dismissing Elder's petition.

As a final point, we agree with AOC's assessment of Elder's brief to this Court. It is riddled with defects, which made AOC's work much more difficult. Nevertheless, we elected to address the substantive issue presented by the civil action.

We affirm the order of the Jefferson Circuit Court.


ALL CONCUR.

BRIEFS FOR APPELLANT:

BRIEF FOR APPELLEE:

Nycea Elise Elder, *pro se*
Indianapolis, Indiana

Melissa Norman Bork
Celina R. Jennings
Louisville, Kentucky