RENDERED: APRIL 24, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0756-MR

JAMES A. CHANEY                                        APPELLANT

                  APPEAL FROM PERRY CIRCUIT COURT
v.              HONORABLE ALISON C. WELLS, JUDGE
                   ACTION NO. 23-CI-00442

WAL-MART STORES EAST, L.P.;                  APPELLEES
ALICIA DAWSON; APPALACHIAN
REGIONAL HEALTHCARE, INC. IN
ITS OWN NAME AND D/B/A ARH
REG. MED. CTR. PHARMACY; ARH
COMMUNITY PHARMACY; BARRY
MARTIN; BOGGS PHARMACY,
INC.; BRIAN KEY; BROADWAY
CLINIC PHARMACY, INC. D/B/A
MEDICINE CABINET PHARMACY;
BROOKS WEBB; CHARLES STUART
DUFF; CHRISTOPHER "TODD"
HALL; COMMUNITY DRUG OF
MANCHESTER, INC.; COMPLETE
CARE PHARMACY, PLLC; CVS
PHARMACY, INC.; CYNTHIA
WILLIAMS; DACHEA WOOTEN;
DANIEL THIES; DONNIE K.
STARNES; DOUG MORGAN;
DOWNTOWN DRUG, INC.; EAST
MAIN STREET PHARMACY, INC.;
ERNEST WATTS; F. BRITTON
THOMPSON; FAMILY PHARMACY

OF JACKSON; HARLAN MEDICAL CENTER PHARMACY, INC.; HELEN HERALD; HOLLIE HARRIS A/K/A HOLLIE CRADY; HOMETOWN PHARMACY OF JACKSON, LLC; HOMETOWN PHARMACY, INC.; HOWARD FAMILY PHARMACY, INC.; JAMES CRAIG STALLARD; JOE LEWIS; JOHN'S CREEK DRUG CENTER, INC.; KENTUCKY CVS PHARMACY, LLC; KING PHARMACY, INC.; KNOTT PRESCRIPTION CENTER, INC.; LACKEY PHARMACY, INC.; LESLIE SCOTT KING; LORI JOHNSON; MANCHESTER PHARMACIST GROUP, LLC D/B/A FAMILY DRUG CENTER; MCDOWELL PROFESSIONAL PHARMACY, INC.; MED-MART PHARMACY, INC.; MICHAEL SIZEMORE; MIKE MCINTOSH; PARKVIEW PHARMACY, INC.; PEJ, INC.; POWERS PHARMACY, INC.; PROFESSIONAL PHARMACY OF HAZARD, PLLC; RICHARD K. SLONE; ROBERT BURTON; RONNIE STEWART; RX DISCOUNT PHARMACY OF HARLAN COUNTY, INC. D/B/A CLAY DISCOUNT PHARMACY; RX DISCOUNT PHARMACY, INC.; SPECIALTY CARE CENTER PHARMACY OF E. KENTUCKY; STALLARD'S PHARMACY, INC., IN ITS OWN NAME AND D/B/A FAMILY DRUG OF NEON; STEVE DAWSON; THE MEDICINE SHOPPE OF HYDEN P/K/A SCRIPTS, INC. D/B/A THE MEDICINE SHOPPE OF HYDEN;

THE MOUNTAIN CLINIC
PHARMACY, LLC; THOMPSON
DISCOUNT DRUG, INC.; TODD
WALTERS; VALUE RX II, LLC; AND
WESLEY HOWARD

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  EASTON, ECKERLE, AND McNEILL, JUDGES.

EASTON, JUDGE:  Appellant, a doctor convicted in federal court of crimes related to illegal distribution of controlled substances, challenges the Perry Circuit Court's dismissal of his civil claims against Appellees, pharmacies and their employees.  Appellant seeks damages related to his conviction and imprisonment which he tries to blame on Appellees.  He believes they all fraudulently reported information to the state controlled-substance database.  Upon *de novo* review of the record, including judicial notice of the underlying federal criminal case, we determine that this case is an improper attempt to invalidate Appellant's lawful and final conviction and that each of the civil claims is time-barred.  Dismissal was proper under CR[1] 12.02.

---

[1] Kentucky Rules of Civil Procedure.

## FACTUAL AND PROCEDURAL HISTORY

Appellant James A. Chaney (Chaney) was a physician who, along with his wife, owned and operated a highly profitable clinic in Hazard, Kentucky. In 2010, an anonymous caller contacted the Kentucky Cabinet for Health and Family Services, reporting that Chaney had pre-signed prescription pads for use at the clinic when he was absent. Numerous prescriptions were apparently filled in Chaney's name and with his credentials when he was not in the clinic through use of these pre-signed prescription pads. As a result of an extended investigation, federal authorities sought and obtained warrants to search the Chaneys' home, airplane hangar, and the clinic. In 2014 and 2015, a federal grand jury indicted Chaney and his wife for violations of the Controlled Substances Act, money laundering, and health care fraud.

Following extensive pretrial proceedings and a 25-day trial, a jury found Chaney guilty of over 170 counts, including illegal distribution of controlled substances, maintaining a premises for drug distribution, money laundering, and associated conspiracy charges.[2] Chaney was sentenced to 180 months in prison followed by three years of supervised release. Chaney appealed his conviction and sentence, and the Sixth Circuit affirmed, finding "myriad evidence" supported the

---

[2] See *Amended Judgment*, *United States v. Chaney*, No. 14-CR-00037 (E.D. Ky. Nov. 7, 2017); *United States v. Chaney*, 211 F. Supp. 3d 960, 966 (E.D. Ky. 2016).

jury's conclusion that Chaney prescribed addictive painkillers "without a legitimate medical purpose." *United States v. Chaney*, 921 F.3d 572, 591 (6th Cir. 2019). Chaney's requests for post-conviction relief were denied.[3]

In December 2023, nearly ten years after his indictment, Chaney filed a civil action against 84 defendants (Appellees), including national pharmacy chains, local pharmacies, hospital pharmacies, hospice facilities, and their personnel. Chaney alleged the investigation of him and resulting conviction were caused not by his own criminal conduct but by Appellees' alleged entry of inaccurate information in the Kentucky All Schedule Prescription Electronic Reporting database (KASPER).[4]

Under Kentucky law, pharmacists must report fulfillment of prescriptions involving controlled substances. These reports are made through KASPER, in which a pharmacist logs each prescription and the ordering physician's unique government identification or DEA[5] number. These reports are generated after an ordering physician has written the prescription that was subsequently filled. Physicians can then review the prescriptions attached to their DEA numbers through KASPER's report cards.

---

[3] *See Chaney v. United States*, No. 22-5524, 2022 WL 19264664 (6th Cir. Nov. 17, 2022).

[4] KASPER is an electronic monitoring system for controlled substances, prescribed by Kentucky Revised Statutes (KRS) 218A.202.

[5] The federal Drug Enforcement Administration.

Chaney alleges Appellees erroneously attributed controlled-substance prescriptions to him in KASPER using his name and DEA number. He asserts that flawed KASPER data was a primary basis for the investigation against him and subsequent indictment, and that Appellees' alleged "misattributions" caused his conviction. Chaney sought to recover damages for injury to his reputation, attorneys' fees expended in defending himself, loss of future earnings, mental anguish, emotional distress, and pain and suffering. The Complaint asserted claims for negligence, negligent and fraudulent misrepresentation, false light, defamation, libel *per se*, and identity theft.

In January 2024, several Appellees removed the civil action to the U.S. District Court for the Eastern District of Kentucky pursuant to 28 U.S.C.[6] § 1331. The federal court remanded the case for lack of federal jurisdiction.[7] In doing so, that court explained that while Chaney "purports to make no challenge to his federal conviction," he nonetheless seeks recovery from pharmacists who allegedly contributed to the conviction. The court held that this approach did not create a federal question for jurisdictional purposes, but it also properly observed that Chaney's suit also ran "headlong into . . . recognized defensive, preclusive,

---

[6] United States Code.

[7] *See Remand Order*, *Chaney v. CVS Pharmacy, Inc.*, No. 24-CV-7 (E.D. Ky. Aug. 12, 2024).

finality, and remedial principles" that "limit[] civil litigation that would impugn or imply invalidity of an extant criminal judgment."[8]

In September 2024, Appellees moved the trial court to dismiss Chaney's Complaint pursuant to CR 12.02. The trial court granted the motions on grounds the claims were time-barred. This appeal followed. All issues have been properly preserved and the parties' respective briefs comply with the Rules of Appellate Procedure.

## STANDARD OF REVIEW

> A motion to dismiss for failure to state a claim upon which relief may be granted admits as true the material facts of the complaint. So a court should not grant such a motion unless it appears the pleading party would not be entitled to relief under any set of facts which could be proved . . . . Accordingly, the pleadings should be liberally construed in the light most favorable to the plaintiff, all allegations being taken as true. This exacting standard of review eliminates any need by the trial court to make findings of fact; rather, the question is purely a matter of law. Stated another way, the court must ask if the facts alleged in the complaint can be proved, would the plaintiff be entitled to relief? Since a motion to dismiss for failure to state a claim upon which relief may be granted is a pure question of law, a reviewing court owes no deference to a trial court's determination; instead, an appellate court reviews the issue *de novo*.

---

[8] *Id.*

*Fox v. Grayson*, 317 S.W.3d 1, 7 (Ky. 2010) (internal quotation marks and citations omitted). As we will explain in our analysis, this process does not preclude consideration of all information beyond the four corners of a complaint.

## ANALYSIS

Chaney raises two issues on appeal. First, he argues it was error for the trial court to take judicial notice of filings from his criminal case without converting Appellees' motions to dismiss into motions for summary judgment, thereby allowing the parties to first conduct discovery before consideration of summary dismissal. Second, Chaney argues it was error for the trial court to dismiss his claims with prejudice as being time-barred, because any applicable statute of limitations in this case was extended by the discovery rule or Appellees' acts of concealing their own fraudulent behavior.

The trial court found that Chaney did not dispute the untimeliness of his present action under the ordinary accrual rule for limitations periods. Each of Chaney's claims were subject to either a one, two, or five-year statute of limitations, and the Complaint was filed at least seven years after the latest of these alleged injuries. The trial court also rejected Chaney's argument that the discovery rule or concealment tolled or extended these time limits.

The trial court determined that the discovery rule did not apply to four of Chaney's claims: negligence, negligent misrepresentation, false light, and

defamation, because the General Assembly has not extended the discovery rule to these claims. "[C]ourts have generally refused to extend the discovery rule" without statutory authorization. *Roman Cath. Diocese of Covington v. Secter*, 966 S.W.2d 286, 288 (Ky. App. 1998).

The trial court further determined that the discovery rule did not rescue the remaining claims from dismissal. The trial court considered the record before it, including Chaney's own statements and filings in his federal criminal case, and found that he was or should have been aware of his claims more than five years prior to filing the Complaint.

In making this determination, the trial court took judicial notice of the filings and testimony in the criminal proceedings pursuant to KRE[9] 201, and *Kentucky Bar Ass'n v. Hamdiyah*, 670 S.W. 3d 841, 844 n.7 (Ky. 2023). The trial court noted that Chaney's responses to the motions to dismiss did not dispute that the trial court could take judicial notice of these materials pursuant to KRE 201.

The trial court found that Chaney testified at his sentencing hearing in 2015 that he had knowledge from KASPER reports received through discovery in his criminal case showing numerous reporting errors. Even if the discovery rule applied, the statute of limitations would have run before December 2023 when the

---

[9] Kentucky Rules of Evidence.

-9-

Complaint in this case was filed. Because the trial court agreed with Appellees that all of Chaney's claims were time-barred, the trial court did not address Appellees' remaining defenses.

In considering a motion to dismiss pursuant to CR 12.02, courts can take judicial notice of prior criminal proceedings, particularly when those proceedings form the basis of a subsequent civil action. Kentucky courts consistently permit judicial notice of such records. *See, e.g.*, *Fox*, *supra*, at 18 n.82; *Stokes v. Commonwealth*, 275 S.W.3d 185, 188 (Ky. 2008); *Doe v. Golden & Walters, PLLC*, 173 S.W.3d 260, 264 (Ky. App. 2005); *Polley v. Allen*, 132 S.W.3d 223, 226 (Ky. App. 2004); *Schell v. Young*, 640 S.W.3d 24, 30 n.2 (Ky. App. 2021).

In *Greenwell's Adm'r v. Burba*, 182 S.W.2d 436, 439 (Ky. 1944), Kentucky's highest court held that the defendant's prior manslaughter conviction should have been admitted in a subsequent civil proceeding involving a wrongful death claim arising from the same facts as the criminal conviction. In reaching this conclusion, Kentucky's high court noted that a criminal judgment is admissible in a later civil action involving the same facts as were determined in the criminal prosecution.

In the unreported decision rendered by this Court in *Cut-N-Shoot, L.L.C. v. Bingham Greenebaum Doll*, *L.L.P.*, No. 2019-CA-1735-MR, 2021 WL

-10-

2385843, at *5 (Ky. App. Jun. 11, 2021), we reviewed the same issue there as raised here by Chaney: whether courts may take judicial notice of prior criminal court proceedings in reviewing a motion to dismiss pursuant to CR 12.02 in a subsequent civil action related thereto. Among numerous other civil claims, *Cut-N-Shoot* concerned a legal malpractice action brought by Lawrence against his defense attorney, Bingham, after Lawrence was convicted in federal court on tax evasion charges.

The trial court dismissed the claims under CR 12.02(f) after taking judicial notice of prior orders in the underlying federal criminal case, which legally absolved Bingham of liability. Lawrence argued that because the trial court took judicial notice of the federal court orders in his criminal action as a basis for dismissal of his civil action, Bingham's motion to dismiss was actually converted to one for summary judgment, and all parties should have been given the opportunity to conduct discovery. We rejected this argument, relying on prior precedent allowing judicial notice under these circumstances:

> Courts are permitted to take judicial notice of court records and may do so without converting a motion to dismiss into one for summary judgment. *Rogers v. Commonwealth*, 366 S.W.3d 446, 451 (Ky. 2012) ("[C]ourt records . . . may now be resorted to for judicial notice[.]"); *see, e.g.*, *Polley v. Allen*, 132 S.W.3d 223, 226 (Ky. App. 2004) ("A court may properly take judicial notice of public records and government documents, including public records and government documents available from reliable sources on the

-11-

internet."); *Buck v. Thomas M. Cooley L. Sch.*, 597 F.3d 812, 816 (6th Cir. 2010) ("[A] court may take judicial notice of other court proceedings without converting the motion into one for summary judgment.").

*Cut-N-Shoot*, *supra*, at *5.

Federal courts apply the same rule: "When a court is presented with a Rule 12(b)(6) motion [failure to state a claim upon which relief can be granted], it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

When the "matters" in question are documents or exhibits central to the issues raised in a plaintiff's complaint and referenced therein, even if not incorporated by reference or attached to the complaint, "the records are subject to consideration without having to convert the motion under review to a summary judgment motion." *Netherwood v. Fifth Third Bank, Inc.*, 514 S.W.3d 558, 564 (Ky. App. 2017).

Here, Chaney's claims for damages are based on the underlying criminal conviction referenced in the civil action. The records in the criminal case are central to the issue of when his civil claims accrued. These records are subject

to consideration on the motion to dismiss without having to convert it to a summary judgment review.

In addition, KRE 201 provides that a court *shall* take judicial notice of adjudicative facts if requested by a party and supplied with the necessary information. Appellees have made such request and supplied the necessary information as attachments to their respective motions to dismiss. Our review of the applicable record will include this information. We note that Chaney has never argued that these public court records are inaccurate, misleading, or otherwise not authentic.

The Complaint asserts six claims. Count 1 is a claim for Negligence for making it appear that Chaney was prescribing more controlled substances than he was actually writing. Count II is a claim for Negligent/Fraudulent Misrepresentation for attributing false information to the KASPER database and representing the accuracy of this information to government authorities for monitoring and investigating purposes. These claims are governed by KRS 413.140(1)(f) and 413.245, both of which have a one-year statute of limitations for claims stemming from the rendering of a professional service.

Count III is a claim for False Light for publishing false information about prescriptions written by Chaney to the KASPER database and governmental authorities, causing Chaney to appear falsely to the public and the government as

having written larger amounts of controlled substance prescriptions than he actually wrote. KRS 413.120(6) sets forth a five-year statute of limitations for injuries arising out of miscellaneous claims of a non-specific, non-contractual nature, such as "false light."

Count IV is a claim for Defamation and Libel for publishing false statements attributing prescriptions to Chaney that he did not write. Count V is a claim for Defamation and Libel *per se* for causing defamatory language about Chaney to be published in the KASPER database, which caused him to lose his medical license, injured his reputation, and caused his conviction and imprisonment.

KRS 413.140(1)(d) sets a one-year statute of limitations for actions for defamation, which includes both libel and slander. KRS 413.120(11) sets a five-year statute of limitations on an action for relief or damages on the ground of fraud or mistake. KRS 413.245 and its one-year limitation controls when the alleged fraud arises out of services provided by a licensed professional, such as a pharmacist.

Count VI is a claim for Identity Theft for using Chaney's identifying information to obtain benefits or property to which Appellees would not otherwise be entitled, by making financial transactions using his identity, and by obtaining a

commercial benefit. KRS 411.210(2) sets a five-year statute of limitations for identity theft claims.

KRS 367.220(5) requires Kentucky Consumer Protection Act ("CPA") claims to be commenced "within one (1) year after any action of the Attorney General has been terminated or within two (2) years after the violation of KRS 367.170[.]" In this case, Chaney has not alleged that the Attorney General's Office was ever investigating the issue of pharmacist misattribution in the KASPER system. Chaney's claim is premised on an alleged violation of KRS 514.160, which governs identity theft claims. KRS 514.160(2) states that "[i]f the person violating this section is a business that has violated this section on more than one (1) occasion, then that person also violates the Consumer Protection Act." Therefore, a two-year statute of limitations applies to this claim.

Chaney surrendered his medical license, lost access to KASPER, and was indicted in 2014. Of course, Chaney could have researched his own KASPER "report cards" while he had access to them which would have shown activity he did not authorize. In 2015, Chaney filed a motion to compel discovery of the KASPER prescription data underlying the spreadsheet used by the prosecution. The federal court granted the motion, and Chaney received the documents. The spreadsheet reported the pharmacy name and location associated with each prescription.

During Chaney's criminal case, he denied that the numerous prescriptions itemized in discovery were written by him. He was convicted in 2016 and sentenced in 2017. During his sentencing hearing, Chaney told the federal court that KASPER was fraught with errors as illustrated by the documents he received from prosecutors. Incredibly, Chaney stated that of the 1,208 prescriptions listed in discovery, 1,207 were wrong.

Back then, he even alleged this faulty data came from KASPER and attributed its unreliability to pharmacies which would erroneously record prescriptions. Chaney further stated that he identified these "errors" by comparing the KASPER data to his own actual files. Thus, Chaney was personally aware of these alleged discrepancies in pharmacy information contained in the KASPER data no later than 2017. Since each of his claims is subject to a one-year, two-year, or five-year statute of limitations, they should have been brought no later than 2022. However, Chaney's Complaint was filed December 11, 2023. His claims are all time-barred.

Chaney still argues that each of his claims is saved by an exception that tolls the accrual period. We disagree. "Generally, a cause of action is said to accrue when the injury occurs." *Secter*, 966 S.W.2d at 288. Where applicable, "the discovery rule provides that a cause of action accrues when the injury is, or should have been, discovered." *McLain v. Dana Corp.*, 16 S.W.3d 320, 326 (Ky.

-16-

App. 1999). "Any fact that should excite [the plaintiff's] suspicion is the same as actual knowledge of [the plaintiff's] entire claim." *Fluke Corp. v. LeMaster*, 306 S.W.3d 55, 64 (Ky. 2010).

At the hearing on the motions to dismiss, Chaney, through his counsel, argued that during his underlying criminal proceedings he believed the discrepancies in KASPER and the spreadsheet were the result of mistake. He claims that he later learned from deposition testimony taken in 2022, in an unrelated case, that these discrepancies were the result of fraudulent conduct on the part of at least *one* of the pharmacies[10] included in this action. Chaney argues the "discovery rule" applies and, as a result, his civil claims did not begin to accrue until 2022.

The discovery rule does not rescue any of Chaney's claims. The record, which includes Chaney's own statements and filings in his federal criminal case, demonstrate that, even if we were to apply the discovery rule, Chaney was or should have been aware of his claims more than five years before the filing of the Complaint.

---

[10] Dr. James Dustin Chaney, a relative of the former Dr. Chaney in this case, brought his own suit against CVS and others, and the issue of misattribution of prescribing doctors was documented in that litigation. The result of a jury trial in this separate suit by another Dr. Chaney is the subject of three appeals (Nos. 2024-CA-0948, 2024-CA-0962, and 2024-CA-0798) with the decision in those appeals also being rendered today.

The records in the underlying criminal action indicate that, more than five years before Chaney filed suit, he had access to information showing the KASPER database contained errors and the identification of the pharmacies that generated those purported errors. These facts form the basis for Chaney's present civil suit. Chaney received these records in 2015, which should have excited his suspicion that Appellees negligently or fraudulently reported prescriptions to the KASPER database. Thus, even under the discovery rule, Chaney's claims, raised eight years later, are time-barred.

Chaney argues this is a factual determination made from information derived from outside the Complaint and cannot support dismissal under CR 12.02. We disagree. Whether an action is barred by the statute of limitations is a question of law to be decided by the courts. *Cuppy v. Gen. Acc. Fire & Life Assur. Corp.*, 378 S.W.2d 629, 631 (Ky. 1964) (citations omitted). And, as we have already discussed, this Court may take judicial notice of records in the underlying criminal action for purposes of evaluating dismissal under CR 12.02.

Chaney also argues he properly raised the issue of concealment as another ground to toll the statutes of limitations. Again, we disagree.

Kentucky courts have routinely tolled an applicable limitations period when a defendant's acts of concealment prevented discovery. *See Secter*, 966 S.W.2d at 290 (the statute of limitations may be tolled where the defendant

-18-

absconds, conceals himself, or by any other indirect means obstructs the prosecution of the action). This Court has previously stated that the statute of limitations may be tolled where the plaintiff could show that information regarding the identity of the tortfeasor either was "unavailable or concealed." *Combs v. Albert Kahn & Associates, Inc*., 183 S.W.3d 190, 199 (Ky. App. 2006). But here, Chaney knew exactly who filled his prescriptions and where each pharmacy was located.

By Chaney's own account, he had full KASPER access before 2014, the period during which Appellees allegedly populated his KASPER file with errors that "triggered" his investigation and indictment. Chaney never alleges that he was unable to discover these errors or identities then.

In 2015, after Chaney had lost KASPER access, he obtained discovery of KASPER errors and associated pharmacy names. At the sentencing hearing in 2017, Chaney told the federal court that his KASPER file was fraught with errors because pharmacies would erroneously enter prescriptions, and that he identified these errors by comparing the KASPER data to his own actual files. Chaney used the same argument in his underlying criminal action as he uses here.

Chaney fails to explain how fraudulent concealment occurred with particularity. He just gives a general statement that *all* these Appellees fraudulently concealed their errors, and he then requests the opportunity to conduct

discovery to prove this theory in a civil action, having already failed to prove it in the criminal case. But such discovery could only occur, if at all, in a timely lawsuit. Chaney has failed to timely bring this litigation. And even if Chaney's claims were timely, they are prohibited.

Convicted criminals may not collaterally attack their criminal convictions using tort law. The Supreme Court has recognized the fundamental principle that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments[.]" *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). This principle forecloses all tort claims that "call into question" a conviction or sentence, including all claims that "necessarily imply" a conviction's "invalidity." *Id.* at 483, 487. The Kentucky Supreme Court has stated that if a "civil suit would impugn [the] conviction, *Heck* will require dismissal[.]" *Dunn v. Felty*, 226 S.W.3d 68, 74 (Ky. 2007) (citation omitted).

Chaney's argument here is that Appellees caused his conviction by generating false evidence that was used to prosecute him. In making that argument, Chaney disputes his wrongdoing and seeks damages for the income he lost while incarcerated. Again, *Heck* bars all civil suits that "necessarily imply the invalidity of his conviction or sentence[,]" 512 U.S. at 487, or "impugn" a conviction or sentence, *Dunn*, 226 S.W.3d at 74.

-20-

In Kentucky, a "criminal defendant's own actions constitute the 'sole, proximate, and producing cause of the indictment, conviction, and resultant incarceration.'" *Lawrence v. Bingham, Greenebaum, Doll, LLP*, 567 S.W.3d 133, 138 (Ky. 2018) (quoting *Ray v. Stone*, 952 S.W.2d 220, 224 (Ky. App. 1997)).  For that reason, the sole proximate cause of Chaney's conviction is his own criminal conduct—not the acts or omissions of Appellees.  The State's "public policy does not allow anyone to obtain damages when their own criminal conduct is a cause of those damages."  *See Kaisi v. Isaacs*, 692 S.W.3d 405, 409 (Ky. App. 2024).

With overwhelming evidence of his own criminal actions, Chaney was convicted of over 170 counts.  A jury of his peers found *him* guilty of those crimes for what *he* did.  A federal judge sentenced Chaney to 15 years in prison because Chaney is responsible for his crimes.  It follows as a matter of law that Appellees are not the cause of Chaney's trial, conviction, or sentence, or the damages that are the natural and intended result of his valid convictions.  "It is an old truth that one will not be permitted to profit by his own wrong."  *Webster Cnty. v. Nance*, 362 S.W.2d 723, 725 (Ky. 1962).

Chaney is essentially using his civil claims against Appellees as a collateral attack on his criminal convictions.  Chaney had a full and fair opportunity during his criminal trial to prove his argument that the prescriptions attributed to him were in error, whether by fraud or by mistake.  He failed to prove

that argument in the underlying federal criminal case, and he is not now entitled to discovery or prosecution of this untimely civil action designed to compensate him for his lawful criminal conviction.

## CONCLUSION

Judicial notice of filings from Chaney's criminal case did not convert Appellees' Motions to Dismiss into Motions for Summary Judgment. Chaney's claims are all time-barred. Neither any discovery rule nor concealment claims toll the applicable statute of limitations in the circumstances of Chaney's criminal conviction. He was on notice of these supposed issues with KASPER reports during his criminal proceedings. This case is nothing more than an improper attempt to impugn Chaney's criminal conviction. We AFFIRM the Order of the Perry Circuit Court dismissing Chaney's Complaint with prejudice.

ALL CONCUR.

BRIEF FOR APPELLANT:

Masten Childers, III
Sarah E. Cooley
Madeline R. Hamlin
Lexington, Kentucky

Joseph E.H. Atkinson
Richmond, Virginia

Justin S. Peterson
Kellie M. Collins
Lexington, Kentucky

BRIEFS FOR APPELLEES:

Melissa Thompson Richardson
Sarah E. Laytham
Lexington, Kentucky

William G. Laxton, Jr.
Jeffrey R. Johnson
Washington, D.C.

James W. Carlson
Pittsburgh, Pennsylvania

Jay Milby Ridings
Marcia Milby Ridings
London, Kentucky

Stacey Richards-Minigh
Anders W. Lindberg
Huntington, West Virginia

Nathaniel R. Kissel
Lexington, Kentucky

Jonathan W. Garlough
Chicago, Illinois

Anne-Louise T. Mittal
Milwaukee, Wisconsin

Darryl W. Durham
Louisville, Kentucky

Randall Scott May
Hazard, Kentucky

Farrah Williams Ingram
Mt. Sterling, Kentucky

Clayton O. Oswald
Ashley P. Hoover
London, Kentucky

Joshua J. Leckrone
Bryan A. Bond
Ft. Mitchell, Kentucky